THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. JAMES F. HUITT *et al.*

1. PLEADING AND PRACTICE — *Joinder of Parties.* Where parties are united in interest they *must* be joined as plaintiffs or defendants, but persons having an interest in the subject of the action and obtaining the relief demanded, *may* be joined as plaintiffs. (Gen. Stat. of 1889, ¶ ¶ 4112, 4114.)

2. ———— *Cause of Action — not Divisible.* A single cause of action cannot be divided so as to subject the defendant to the annoyance and expense of several suits; it must be litigated in a single suit.

3. RAILROAD — *Fire from Engine — Evidence.* Where a witness testified that he knows the value of the barn ; that he and another had built it less than two years prior to its burning ; that he had built several buildings ; that he could look over a barn and tell something near its value ; and where his testimony shows that he has an intimate knowledge of all the different parts of the barn in controversy, his evidence was properly admitted to the jury for them to weigh under proper instructions.

4. ———— *Attorney's Fee — Evidence — Judgment.* When the petition asks for an attorney's fee, as provided for in ¶ 1322 of the General Statutes of 1889, and for a judgment in favor of the owners of the property burned, and that other parties be subrogated to the rights of said owners to the amount of its claim, it is proper to admit evidence as to what is a reasonable attorney's fee, and to include the amount found by the jury to be a reasonable attorney's fee in the judgment rendered in favor of said owners.

5. ———— *Fire from Engine — Measure of Damages.* The true measure of damages for negligently burning a barn is the value of the barn at the time of the burning thereof.

6. ———— *Jury Findings — Negligence.* If the jury believed that the weather was dry and a strong wind blowing, and that the engineer used an unusual and unnecessary amount of steam in starting out of the city, by reason of which the fire was forced out of the smoke-stack, and without which the fire would not have occurred, they were justified in finding that the engineer was not careful, and that he mismanaged his engine.

7. PLEADING AND PRACTICE — *Taxation of Costs on Continuance.* The taxation of costs upon granting a continuance rests in the sound discretion of the trial court, but where there is a manifest abuse of such discretion, this court will make such a ruling as it thinks the trial court should have made.

MEMORANDUM.—Error from Barton district court; J. H. BAILEY, judge.   Action for damages by fire brought by J. F. Huitt and Amos Johnson, partners as Huitt & Johnson, The American Fire Insurance Company, and The St. Paul Fire and Marine Insurance Company against the Atchison, Topeka & Santa Fe Railroad Company.   Judgment for plaintiffs ; the defendant brings the case to this court.   Modified. The opinion was filed October 1, 1895.

The statement of the case, as made by DENNISON, J., is as follows :

This action was originally brought by Huitt & Johnson in the district court of Barton county, Kansas, to recover the value of a barn situated on certain lots in Ellinwood, Barton county, Kansas, claimed to have been set on fire by the Atchison, Topeka & Santa Fe Railroad Company in the operation of its road.

Under the petition and answer filed in this case, it came on for trial on the 11th day of December, 1890. After the introduction of the plaintiffs' evidence and the overruling of a demurrer to the same, the judge suggested that certain insurance companies seemed to be necessary parties to a full determination of the different issues to be tried in this case.   The plaintiffs, at their request, were allowed to file a new petition, and make other parties defendants or plaintiffs as the present plaintiffs might elect, such amended petition to be filed within 20 days from that date.   Said cause was continued.   It was further ordered that the costs of the continuance abide the final result of the action, to which order and to all of said proceedings the defendant excepted.

On January 23, 1891, an amended petition was filed, including The American Fire Insurance Company and

The St. Paul Fire and Marine Insurance Company as plaintiffs in the case. The new petition is substantially the same as the original, except that the insurance companies set forth that they have each paid to the original plaintiffs the sum of $500 because of policies of insurance upon the barn which was destroyed. They claim that when they paid such sums they entered into a contract with said Huitt & Johnson whereby they became subrogated to the rights of said Huitt & Johnson to the extent of the payments respectively made to them, and ask that, of the judgment rendered in favor of said Huitt & Johnson against the said railroad company for the burning of said barn, they each be subrogated to the rights of said Huitt & Johnson in the sum of $500 and interest thereon from the 19th day of October, 1889. To this amended petition said railroad company demurred generally, and because of misjoinder of actions and of parties plaintiff, which demurrer was, November 16, 1891, overruled. Thereupon defendant filed its answer, consisting of a general denial. It claims that Huitt & Johnson had wholly parted with their right of action, if any they had, to their coplaintiffs, and sets up a plea of misjoinder and a plea of the statute of limitations against the insurance companies as to the attorney's fee. The case was tried March 25, 1891, and resulted in a judgment for plaintiffs. The defendant brings the case here for review.

*A. A. Hurd*, and *Wm. Osmond*, for plaintiff in error.

*G. W. Nimocks*, and *E. L. Hotchkiss*, for defendants in error.

The opinion of the court was delivered by

Dennison, J. : The first error complained of by the plaintiff in error was the overruling of the demurrer

to the amended petition for the reasons : (1) That the petition does not state facts sufficient to constitute a cause of action ; (2) that several causes of action are improperly joined, and (3) that there is a misjoinder of parties plaintiff.

The petition in this case clearly sets forth facts sufficient to constitute a cause of action. The plaintiff in error in its brief has nothing to say upon the first ground of the demurrer, therefore no notice will be taken of it. The third reason of said demurrer — that there is a misjoinder of parties plaintiff — is not ground for demurrer under the Kansas statutes. The only question then that we need to consider in said demurrer is the second ground thereof — that several causes of action are improperly joined in said petition.

The petition in this case clearly alleges but one cause of action ; it alleges that the railroad company negligently set out a fire ; it alleges that the fire did but one thing, that was to burn the barn of said Huitt & Johnson. Is it in the power of Huitt & Johnson to divide that transaction into three different parts and subject the railroad company to the annoyance and expense of defending three different suits? Certainly not. There being but one cause of action, the railroad company is entitled to have it litigated in one suit. The insurance companies do not, in the petition in this case, demand judgment against the railroad company, but simply demand that of the judgment obtained against the railroad company by Huitt & Johnson they each be subrogated to the rights of Huitt & Johnson to the amount of $500 and interest. Paragraph 4103 of the General Statutes of 1889 says :

"Every action must be prosecuted in the name of the real party in interest. . . ."

¶ 4112, id. : "All persons having an interest in the

subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs. . . ."

¶ 4114, id. : "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants ; but if the consent of one who should have been joined as plaintiff cannot be obtained, he may be made defendant, the reason being stated in the petition."

¶ 4492, id. : "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants ; it may determine the ultimate rights of the parties on either side as between themselves."

By a study of these four sections it will be seen that where the parties are united in interest they *must* be joined ; but that persons having an interest in the subject of the action and in obtaining the relief demanded, *may* be joined as plaintiffs.

Who are interested in the subject-matter of this action? The insurance companies to the extent of the amounts paid by them respectively and the interest thereon, and Huitt & Johnson for the remainder ; and clearly all of them are interested in obtaining the relief demanded. The relief demanded was the judgment against the railroad company for the burning of the barn. The insurance companies were interested in obtaining the relief demanded, because without that they could not recover the amount they had paid as insurance upon the barn. Huitt & Johnson were interested in obtaining the relief demanded, because without that relief they would never obtain the balance of the judgment after the money had been refunded to the insurance companies which they had expended.

We apprehend that under our statutes the insurance companies might have been made defendants, or that

they might have been made plaintiffs, and Huitt & Johnson might have been made defendants; but if they all desired to be joined as plaintiffs, our statutes say they may, because they all have an interest in the subject of the action and in obtaining the relief demanded. If the insurance companies had been plaintiffs and Huitt & Johnson had been made defendants, the railroad company might have settled with the insurance companies for the amount of their claim, regardless of the rights of Huitt & Johnson. If Huitt & Johnson had been made plaintiffs and the insurance companies defendants, the railroad company might have connived with Huitt & Johnson to have prevented a recovery. There was no misjoinder of causes of action, and the demurrer was properly overruled.

The second assignment of error is that the court erred in the admission of testimony as to value. The plaintiff in error complains because J. F. Huitt was permitted to testify as to the value of the barn without having shown that he was qualified. He testified that he knew the value of the barn; that he and Amos Johnson built the barn less than two years prior to its burning; that he had built several buildings, and that he could look over a barn and tell something near its value. His testimony also showed that he had an intimate knowledge of all the different parts of this barn. His evidence was properly admitted to the jury for them to weigh under proper instructions.

The plaintiff in error also complains because of the refusal of the court to strike out the evidence of Amos Johnson as to value. Mr. Johnson testified that he was one of the owners of the barn, and that he knew its value, and the evidence in the case showed that he and Mr. Huitt built the barn less than two years prior

to the time it burned. Upon cross-examination, he stated that he had been offered $2,000 for the barn, but that it was considered worth $2,500, and that his only basis for fixing the value at $2,000 was because he had been offered that for it. The ruling upon this question may be open to some criticism, but the defendants were not prejudiced thereby. The evidence of Johnson was cumulative, and could not have been given much weight by the jury. There was other testimony introduced, showing the amounts and kinds of lumber of which the barn was constructed; the value of the hardware; the value of the foundation; the cost of painting; the value of the labor in constructing the barn, and the cost of much of the material. A plan of the barn was also shown to the jury and explained to them. The jury found the value of the barn and interest thereon to be $1,435.42. This would fix the value of the barn at about $1,300. It is probable that in arriving at this amount they took the different items and did some figuring themselves.

We cannot say that there was any error prejudicial to the rights of the defendant. The counsel for plaintiff in error is evidently not relying upon this assignment of error, because out of the numerous adjudications involved therein not one authority is cited in its brief.

The third assignment of error is in the admission of testimony as to what was a reasonable attorney's fee, and to the question, ''You may state what a reasonable attorney's fee for prosecuting this case would be?'' the defendant objected, and objected to the introduction of any evidence in regard to attorney's fee, for the reason that the interests of Huitt & Johnson and the insurance companies were so intermingled,

and that the insurance companies were barred by the statute of limitations, more than one year having elapsed before they brought their suit.

No error was committed in overruling this objection. Paragraph 1322 of the General Statutes of 1889 reads as follows:

"In all actions commenced under this act, if the plaintiff shall recover, there shall be allowed him by the court a reasonable attorney's fee, which shall become part of the judgment."

In this action the only persons who asked for a judgment against the railroad company are Huitt & Johnson. The judgment rendered must have been in their favor. The insurance companies simply ask that they have a lien upon and be subrogated to the rights of Huitt & Johnson in said judgment to the amount of money paid by them upon the insurance policies and the interest thereon. The testimony was properly admitted, and the judgment for the value of the barn and the attorney's fee was properly rendered in favor of Huitt & Johnson, and the insurance companies were properly subrogated to the rights of Huitt & Johnson to the amount of their claim. The fire occurred July 19, 1889, and the original petition of Huitt & Johnson was filed on the 23d day of April, 1890, so that this action was commenced within one year from the time the cause of action accrued. Therefore in deciding this case it is not necessary to decide whether the attorney's fee is an action upon a liability created by statute or for a penalty or forfeiture.

The fourth assignment of error is the following instruction given by the court:

"5. You are further instructed, that if you find from all the evidence that the defendant's engine did

set the fire which burned the plaintiff's barn, then the burden of proof is upon the defendant to prove that the engine which set such fire or caused the same to be set was well constructed and in good condition and repair, using all the necessary approved appliances for the purposes of preventing the escape of fire, and was skillfully and carefully handled, managed and operated by competent, skillful and careful hands or employees, and that there was no negligence on the part of the defendant; then the presumption of negligence raised by the fact that the engine set the fire will be rebutted and you should find for the defendant.''

There was no material error committed in the foregoing instruction. (See *A. T. & S. F. Rld. Co. v. Huitt*, just decided.)

The fifth assignment of error is upon the refusal of the court to give the following instruction:

''If you find for the plaintiffs, the amount of their recovery would be limited to such an amount as would be required to build the barn in July, 1889, and place it in substantially the same condition as it was in before the fire, together with 6 per cent. interest on such sum from July 19, 1889, up to the present time, and a reasonable attorney's fee.''

The eighth instruction given by the court is as follows:

''If the plaintiffs, under the evidence in this case, are entitled to recover a judgment against the defendant, then I instruct you that their measure of damages under the pleadings is the value of the barn burned at the time of the burning thereof, and if you find for the plaintiffs your verdict should be for such value, and such value only as is proven by a preponderance of the evidence in this case, not to exceed $2,000.''

The true measure of damages is the value of the barn at the time of the burning thereof. The facts stated in the instruction asked for by the defendant

might have been considered by the jury, but the instruction given by the court states the correct measure of damages.

The sixth assignment of error is in overruling the motion of plaintiff in error for a new trial, because the amount of the general verdict is not supported by the evidence; and because numbers 20, 21, 22 and 23 of the special findings are not supported by the evidence. Counsel for plaintiff in error contend that, as Huitt & Johnson each placed the value of the barn at $2,000, and Huitt said it cost $1,625, and Spencer testified that it could be rebuilt for $960, the jury should have given the amount testified to by one side or the other. As stated under the second assignment of error, there was considerable conflicting testimony as to the value of the barn; there was abundant evidence, however, to sustain the general verdict of the jury.

The special findings are as follows:

"20. Was the engineer who managed the engine at the time of the fire a competent, skillful and careful engineer? Competent and skillful, but not careful.

"21. If not, in what respect was he incompetent, unskillful or lacking in care? By starting his engine at too great speed.

"22. Was this fire set out by any mismanagement on the part of the engineer? Yes.

"23. If so, how did he mismanage his engine so as to set out this fire? By starting his engine too rapidly."

There was testimony introduced tending to prove that the train which set the fire was late; that the weather was very dry; that a strong wind was blowing; that the train started out much faster than usual; that within 600 feet of starting, a speed of 15 or 20 miles an hour had been attained; that a shower

of sparks the size of "birds' eggs" and "end of little finger" was thrown 25 or 30 feet high and carried 300 or 400 feet and remained alive one to two minutes, and much more along the same line.

The speed of the train would not alone be sufficient to establish negligence, but in this case, if the jury believed that the weather was dry and a strong wind blowing, and that the engineer used an unusual and unnecessary amount of steam in starting out of the city, by which the fire was forced out of the smoke-stack; and if they further believed that by using a little more care until the train was under motion the fire would not have been forced out of the smoke-stack, they were justified in finding that the engineer was not careful, and mismanaged his engine.

The seventh assignment of error is in not awarding the costs of the term against the defendants in error, Huitt & Johnson, at the time of the first continuance. Paragraph 4689, General Statutes of 1889, reads as follows:

"Unless otherwise provided by statute, the costs of motions, continuances, amendments and the like shall be taxed and paid as the court, in its discretion, may direct."

This section places the taxation of the costs of a continuance in the sound discretion of the court; but where there is a manifest abuse of such discretion, this court will make such a ruling as it thinks the trial court should have made. The continuance of this case was had at the request of the plaintiffs for their benefit, and to supply a defect in the pleadings, for which alone they were responsible. It seems to us that the court should have required the plaintiffs to pay the costs of the continuance.

The last assignment of error is in rendering judg-

ment for attorney's fees.   The jury made the follow-
ing special finding :

"29.  How much attorney's fee do you allow in
this case?   $200.

"30.  Is this for the trial of the case for all of the
plaintiffs, Amos Johnson, J. F. Huitt, and the insur-
ance companies?   Yes."

This question has been fully discussed under the
third assignment of error.   Huitt & Johnson obtain
the judgment for the value of the barn. (Gen. Stat.
of 1889, ¶ 1322.) The amount found by the jury to
be a reasonable attorney's fee was properly made part
of the judgment.

This case is remanded to the court below, with in-
structions to tax costs of the continuance against the
plaintiffs, Huitt & Johnson.   In all other respects
the judgment of the court below will be affirmed.
The costs in this court will be equally divided between
the Atchison, Topeka & Santa Fe Railroad Company
and Huitt & Johnson.

All the Judges concurring.