D. W. STAUFFER *et al.* v. LEE L. DOTY *et al.*
NO. 48.

NOTE— *Joint Action on.* Where a promissory note is assigned to two parties whose interests are not equal in said note, said parties may bring a joint action to recover upon said note.

MEMORANDUM.— Error from Finney district court; A. J. ABBOTT, judge. Action on a promissory note brought by D. W. Stauffer and N. C. Jones against Lee L. Doty, R. K. Kelley, S. Halsey, and J. W. Weeks. Judgment for defendants. Plaintiffs bring the case here. Reversed. The case is stated in the opinion, filed January 17, 1896.

*Milton Brown*, for plaintiffs in error.

*W. R. Hopkins*, and *A. J. Hoskinson*, for defendants in error.

The opinion of the court was delivered by

COLE, J. : The defendants in error executed their promissory note for $130 to one T. C. Mitchell, who afterward assigned said note to plaintiffs in error, said assignment being indorsed upon the note in the following words :

" Without recourse, pay to D. W. Stauffer, or order, $55, and to N. C. Jones, or order, $75, each with the interest thereon. T. C. MITCHELL."

Plaintiffs in error brought their action before a justice of the peace upon said note and recovered ; and, the cause being appealed to the district court, it was tried without a jury, and a judgment rendered against the plaintiffs in error for costs. From the decision of the district court plaintiffs in error bring the case here for review.

Several errors are alleged, but all may be considered

together.   The trial court held that the assignment of the note was an attempted assignment to each of the plaintiffs in error, and was therefore void, and hence they could not maintain the action; and it is here contended that, even if the assignment was valid, the plaintiffs in error could not maintain a joint action on the note in question.   We think the trial court was in error.   Our statute prescribes (paragraph 4103) :

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 28."

It further provides, in paragraph 4114 :

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants."

Section 28, referred to in the first section quoted, is as follows :

"An executor, administrator, guardian, trustee of an express trust  .  .  .   may bring an action without joining with him the person for whose benefit it is prosecuted."

We suppose that it will not be questioned that if the above assignment had been made to Stauffer and Jones without specifying the particular interest of either in the note, they could have maintained a joint action thereon, however unequal their interests might have been, and, under the section of the statute last quoted, if the assignment had been made to another person as trustee for the plaintiffs in error such trustee could have maintained an action for the benefit of plaintiffs in error, although their interests in the note were unequal.   We fail to see why an action could be maintained by a trustee for the benefit of the plaintiffs in error, or by the plaintiffs in error, where the amount of interest of each is not disclosed,

and yet that an action may not be maintained like the present one. The interest of the plaintiffs in error is a common interest. It is true each is not interested to the same degree, but the community of interest exists in the one cause of action upon which they seek to recover against the same parties defendant.

In the case of *Swarthout v. Railroad Co.*, 49 Wis. 625, an action was brought by Swarthout and several insurance companies for damages caused by the railroad company. Prior to the beginning of the action each of the insurance companies paid to Swarthout the amount of its respective policies, and Swarthout delivered to each of said companies a written assignment of his claim to the extent of the several payments made. It was objected in that case that the rights so acquired by the insurance companies were distinct and several, and that therefore there could not be a joinder of the insurance companies as parties plaintiff, but that each must sue separately for its own individual injury. In delivering the opinion of the court in that case, Cole, J., said :

"But it is insisted that the facts stated show that the plaintiffs have no right to join in bringing the suit. . . . It is said if the defendant is liable at all it is separately and distinctly liable to each insurance company to the amount paid on its policy. But it seems to us it would be an intolerable rule to allow each insurance company to bring a separate suit. The railroad might well say, were this attempted : 'The claim is indivisible ; there is but one wrongful act complained of, one loss, and one liability.' "

In the same case the doctrine laid down in *School District v. Edwards*, 46 Wis. 150, is approved. In that case, Lyon, J., in delivering the opinion of the court, at page 158, says :

"The fact that the several school districts are en-

titled to the money in unascertained, and probably in unequal, proportions, is no impediment to this action. This is a matter between the districts, with which the appellants have no concern. It is sufficient for the purpose of maintaining the action that they are jointly entitled to the money claimed."

In the case of the *A. T. & S. F. Rld. Co. v. Huitt*, decided by this court (1 Kan. App. 788, 41 Pac. Rep. 1051), the facts were the same as in *Swarthout v. Railroad Co.* In that case DENNISON, J., in delivering the opinion of the court, says :

"Who are interested in the subject-matter of this action? The insurance companies, to the extent of the amount paid by them, respectively, and the interest thereon, and Huitt & Johnson for the remainder ; and, clearly, all of them are interested in obtaining the relief demanded. The relief demanded was the judgment against the railroad company for the burning of the barn."

In this case neither the execution of the note sued upon nor the written assignment thereof has been put in issue, and, such being the case, it stands admitted that the defendants in error executed the note, and that it was duly assigned. Paragraph 491, General Statutes of 1889, provides as follows :

"It shall be lawful for any person or persons, having the right to demand any sum of money upon any protested bill of exchange, bond or note, as aforesaid, to commence and prosecute an action for principal, damages, interest, and charge of protest, against the drawers or indorsers, makers or obligors, jointly or severally, or against either of them separately."

Paragraph 4492, General Statutes of 1889, provides :

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants. It may determine the ultimate rights of the parties on either side, as between them-

selves, and it may grant to the defendant any affirmative relief to which he may be entitled.''

The plaintiffs in error had obtained the title to the note in question by a legal assignment. That which they obtained was a single cause of action, and they were equally interested in that cause of action being upheld. They were suing upon a single contract, and the statute last above cited provides the manner in which judgment might be rendered in said cause. It is the policy of our code to avoid a multiplicity of actions, and to simplify the manner in which relief shall be obtained in the different courts of this state, and, whatever may have been the rule under the common law, to hold that under our code an assignment like the one in question may not be recovered upon is, in our opinion, opposing not only the spirit but the letter of the statute. We have examined the cases cited by counsel for defendants in error, and, while some of them hold a different doctrine from that which is above announced, such holding was under statutes entirely different from those of our state. On the other hand, the cases are numerous which hold as we do upon this question. So far as the cases from this state cited by counsel are concerned, we believe this decision to be in harmony with them.

The judgment of the district court will be reversed, and this cause remanded for further proceedings in accordance with this opinion.

All the Judges concurring.