GERMAN AMERICAN INSURANCE COMPANY v. H. H. J. JOHNSON *et al.*

No. 98.

1. CASE MADE — *Use of Extrinsic Evidence*. Where a review is based upon a case made, the rulings of the trial court assigned for error must be embodied in the case made itself, and can never be shown by extrinsic evidence; but matters relating to the service, signing and settling of the case made may generally be shown by extrinsic evidence. (*Roser v. National Bank*, 56 Kan. 129.)

2. INSURANCE—*Necessary Parties to an Action.* Where an insurance policy has been issued, and the person to whom the same is issued assigns either a part or the whole of his interest in such policy to different creditors, each of said creditors to whom such assignment is made is a necessary party in an action brought upon the policy.

3. ——— *Fraudulent Representations by Company — Burden of Proof.* Where an action is brought upon an insurance policy which contains a clause providing for appraisement and arbitration, and the answer of the insurance company admits the issuing of the policy and that a loss has occurred under the same, and alleges that an appraisement and arbitration have been had in accordance with the conditions of the policy, and the reply admits an arbitration, but alleges the same to be void on account of the fraudulent acts of the agents of the insurance company at the time said arbitration was entered into, the burden of proof is upon the plaintiff to establish such fraud, and it is error for the court to compel the defendant to assume the burden of.proof, and to instruct the jury in accordance with such ruling.

4. ——— *Fraud — Failure in Proof.* Where, under circumstances like the above, the plaintiff who alleges fraud in the arbitration wholly fails to sustain such charge, it is error for the court, when the plaintiff's testimony has closed, to deny a motion for judgment for the defendant.

5. TENDER — *Pleading and Practice.* When a tender of money is alleged in any pleading it is not necessary to deposit the money in court when the pleading is filed, but it is sufficient if the money be deposited in court at the trial, or when ordered by the court. (Gen. Stat. 1889, ¶ 4214.)

MEMORANDUM.—Error from Cowley district court; M. G. TROUP, judge. Action by H. H. J. Johnson against The German American Insurance Company and others on an insurance policy. Judgment for plaintiff. Defendant insurance company brings the case to this court. Reversed. The opinion herein, filed July 15, 1896, states the material facts.

*E. F. Ware*, for plaintiff in error.

*Sam. D. Pryor, Beardsley, Gregory & Flannelly*, and *Eaton, Pollock & Love*, for defendants in error.

The opinion of the court was delivered by

COLE, J.: H. H. J. Johnson brought his action in the district court of Cowley county, Kansas, against the German American Insurance Company upon a certain policy of insurance issued by said company at its local agency in Winfield, Kan. Jarvis & Conklin were also made parties defendant, for the reason that the plaintiff had assigned to them some portion of his interest in the policy. In their answer, Jarvis & Conklin set up that the assignment of said policy by the plaintiff was made not only to them, but to the Mutual Benefit Life Insurance Company, and asked that said company be made a party defendant in the action. The defendant the German American Insurance Company admitted the issuance of the policy sued upon, and that a loss had occurred under the same, and alleged that by the terms of said policy an arbitration was necessary to be had, upon the application of either party; that after the fire which caused the loss under such policy an arbitration was had by the acts and consent of all parties, and an agreement reached which had been duly ratified by the plaintiff, and the said company tendered in court the amount due under such arbitration, and alleged that it was willing at all times to pay said amount, but that a dispute existed between the plaintiff and the defendants Jarvis & Conklin and the Mutual Benefit Life Insurance Company, mortgage creditors, as to whom the money should be paid, and the said German American Insurance Company asks the court to adjudge to whom said money belongs. For a further defense, the German American Insurance Company alleged that there is a defect of parties defendant, for the reason that the Mutual Benefit Life Insurance

Company holds an assignment of a part or the whole of the amount due upon said policy. And for a further defense, it is alleged that the plaintiff has no interest whatever in the policy in question. Attached to this answer were copies of the agreement for submission and of the award of the appraisers thereunder.

To this answer the plaintiff filed a reply, alleging that the arbitration set up by the German American Insurance Company was void for the reason that it was obtained by false and fraudulent representations on the part of the defendant and the London Assurance Corporation, and sets up the particular acts and statements alleged to have been performed and made which constituted such fraud. The plaintiff also filed a reply to the answer of Jarvis & Conklin, and upon these pleadings the cause came on for trial, and thereupon the court held that the burden of proof was upon the defendant the German American Insurance Company, to which ruling said company then and there duly objected and excepted.

At the close of the evidence offered by the plaintiff the said insurance company filed a motion for judgment, for the reason that the plaintiff had introduced no evidence to show that the arbitration and settlement was fraudulent, which motion was by the court overruled and said ruling duly excepted to.

The court instructed the jury in substance that the burden of proof was upon the defendant the German American Insurance Company, and that it must show by a preponderance of evidence that the arbitration in question was fair and without fraud upon its part. From a judgment in favor of plaintiff the German American Insurance Company brings the case here for review.

A motion is filed in this court to dismiss this case, for the reason that the record does not show that notice of the settlement of the case made was served, or that defendants the Mutual Benefit Life Insurance Company and Jarvis & Conklin appeared at the settlement of the case made, and for the further reason that the record shows that it is not complete, in that it lacks a certain stipulation filed in the case. An affidavit has been filed by the German American Insurance Company to the effect that the case made was duly served, and that all amendments suggested were incorporated by consent; that notice of the settlement was waived and the judge certified the same as an agreed case made with knowledge of the facts. This affidavit stands uncontradicted, and, such being the case, the motion must be denied, under the rule laid down in *Roser v. National Bank*, 56 Kan. 129 ; *Bank of Claflin v. Rowlinson*, 2 Kan. App. 82. In the first of these cases the court holds that matters relating to the service, signing and settling of the case made may generally be shown outside of the case made, but that the ruling of the trial court assigned for error must be embodied in the case made itself, and can never be shown by extrinsic evidence, and this rule is followed in the latter case. So far as the second ground of the motion is concerned, the stipulation referred to was one entered into between the plaintiff and defendants Jarvis & Conklin and the Mutual Benefit Life Insurance Company with reference to the distribution of the amount which might be recovered from the German American Insurance Company, and could in no way affect the rights of the parties in this controversy, nor does it enter into the question in dispute in this case.

The first contention of plaintiff in error is that the action should have been abated, for the reason that

the Mutual Benefit Life Insurance Company was a necessary party defendant in the action, and was not made a party until the time of the trial and at a date when, under the terms of the policy, said company could not have maintained an action against the German American Insurance Company, for the reason that the period of limitation stated in the policy had expired. It appears from the record that after the policy in question had been issued to Johnson an assignment was made of either the whole or a portion of his interest to Jarvis & Conklin and the Mutual Benefit Life Insurance Company. Undoubtedly all parties to whom an assignment had been made of any interest in the policy were necessary parties to this action. The insurance company had a right to insist that it should only be compelled to litigate once the rights of parties under the policy. (*Swarthout v. C. & N. W. Rly. Co.*, 49 Wis. 625; *A. T. & S. F. Rld. Co. v. Huitt*, 1 Kan. App. 788.)

But it appears in this case that at the trial the Mutual Benefit Life Insurance Company was made a party, and this, we have no doubt, the trial court had the power to permit, either with or without terms, in its discretion; that while objection was made by the plaintiff in error, the matter seems to have closed there. The Mutual Benefit Life Insurance Company adopted the answer of Jarvis & Conklin, but filed no separate answer for itself. No other pleading was filed by the plaintiff in error, and, while we are clearly of the opinion that, under the provisions of the policy, had the question been raised, no recovery could have been had by a party who first appeared at that date, yet we are unable to say from the record that the plaintiff in error was prejudiced, and if it was it is quite clear that the error was waived, for the reason

that no issue of the statute of limitations was raised, either by demurrer, answer, or objection to the introduction of evidence.

The next error complained of is the ruling of the court compelling the German American Insurance Company to assume the burden of proof in this case. In every stage of the proceeding plaintiff in error urged its objection to this ruling, and it was undoubtedly prejudicial error. The plaintiff sued upon an insurance policy, and the defendant admitted the issuing of the policy and a loss thereunder, and alleged an arbitration and agreement of the amount of such loss by the parties to the policy. The plaintiff replied, alleging that such arbitration was void on account of fraud of the agents of the defendant insurance company and others connected therewith. Clearly there was but one issue to try under these pleadings, and that was the question of fraud. The defendant had admitted the policy and a loss, which avoided the necessity of proving these facts, and the plaintiff, by alleging that the arbitration was void on account of fraud, admitted that an arbitration had been entered into, and that if the same had been fair and just it was binding on said plaintiff.

It was certainly the duty, under pleadings like these, of the person alleging the fraud to assume the burden of proof. Fraud is never presumed but must be proved, and where one attempts to escape liability, or a settlement upon the ground of fraud, it cannot be said that his opponent must be compelled to first prove that there was no fraud. This error of the court was continued through the trial of the case and in the instructions given to the jury. It is contended by counsel for defendants in error that the ruling was not prejudicial even if erroneous. We cannot agree

with counsel in this contention, for the instructions of the court upon this branch of the case could have left no doubt in the minds of the jury that the court was fully of the opinion that the plaintiff in error must first show that no fraud had been practiced, and that it required a preponderance of evidence on the part of the insurance company upon that question.

The next error complained of is the overruling of the motion for judgment in favor of the defendant the German American Insurance Company, at the close of the evidence of the plaintiff below, for the reason that no fraud had been shown. This motion should have been sustained. The facts in this case were that, at the time of the loss of the property covered by this policy in suit, the plaintiff also held another policy, issued by the London Assurance Corporation, and which was concurrent with the policy issued by the plaintiff in error. Shortly after the fire occurred, representatives of these companies visited the plaintiff, who was living in a small house in the immediate vicinity of the property which had been destroyed. They stated to him the purpose for which they had come, viz., to arrive at an understanding as to the amount of loss sustained by him, and to make an appraisement and award according to the conditions contained in the policies. At that time plaintiff was suffering slightly from the effects of *la grippe,* but was sitting up, and he himself testifies that he understood what he was doing; that he at first declined to enter into any written agreement, desiring to see his attorney, but afterward, having received notice from the brother of his attorney, who was also the agent of the insurance company, to the effect that his attorney had left town and that the representations made as to the appraisement were proper, he

signed the agreement. There was no hasty action upon the part of any representatives of either of the insurance companies, some four or five days having passed before the settlement was finally completed.

The insurance company brought a man from Wichita who was a master-builder, and the plaintiff himself selected a master-builder residing in his own town. These two, after examining the ruins of the property destroyed and obtaining information from the plaintiff and various dealers in building material, agreed upon the amount of damage, and said amount was accepted in writing as being the amount of the damage with no objection, and with seeming entire satisfaction. The master-builder selected by the plaintiff had never seen either of the representatives of the insurance companies, or the person selected by them to represent them in the appraisement, nor did any person on behalf of the companies take any part in or interfere with the appraisement, nor were they present during any of the time when the appraisers were arriving at a conclusion, and, more than all, the plaintiff himself was a carpenter, and had performed much of the labor and purchased all of the material used in the building which had been destroyed. He knew what it had cost to erect such a building, and he knew in what sum the loss was appraised at the time of the final settlement. He was perfectly able to walk from his home to the business portion of the town and execute upon his part the necessary papers for the settlement. All the witnesses testified that there was nothing in his appearance or action but what indicated that he understood what he was doing and was entirely satisfied. And when placed upon the stand in the trial of this case as a witness in his own behalf, and pressed by his counsel

even to the verge of cross-examination, he said that no misrepresentations or false statements were made to him by any of the representatives of the insurance companies. The most that can be said is that he may not have understood the full import of the papers executed by him, but he had every opportunity to obtain any information desired, and plenty of time to reflect upon what he was asked to do, and obtain counsel if he so desired. He appears from the evidence to have been a man of intelligence, and it will not do to say that, because he signed a paper the import of which was not fully comprehended, he was a victim of fraud.

Under the insurance policy, the company had a right to appraisement and arbitration, and the plaintiff himself recognized this right at a later date when he sought to ignore the first arbitration and, in connection with the Mutual Benefit Life Insurance Company and Jarvis & Conklin, entered into a second arbitration, of which notice was given to the German American Insurance Company. We might here say that, had this first arbitration been void for any reason, we are of the opinion that the German American Insurance Company would have been bound by the second award, although it was not present, for the reason that it had notice thereof and elected to stand upon the first award. We have carefully studied this evidence, and especially that of the plaintiff with regard to what took place at the time the agreement for the first award was entered into, and are very clear in the opinion that it utterly fails to establish any fraud whatever, and that the court should have rendered judgment upon the motion of the plaintiff in error.

It is contended by the defendant in error that, even although the court may have committed error in over-

ruling the motion of plaintiff in error for judgment, the judgment of this court should be against plaintiff in error for interest and costs, for the reason that no sufficient tender was made  We cannot agree with this proposition.  The answer of plaintiff in error alleged that it at that time tendered the full amount agreed upon in the appraisement, and there is nothing in the record to show that the amount was not then deposited as alleged by the pleading.

Besides, our statute provides (¶ 4214, Gen. Stat. 1889) that it shall not be necessary to deposit money so tendered until the time of trial or when ordered by the court.

The judgment of the district court is reversed so far as it relates to the German American Insurance Company, and this cause is remanded, with instructions to the district court to render judgment in favor of the German American Insurance Company for costs, the amount tendered by said company to be distributed to the interested parties, under the order of the district court.

All the Judges concurring.