THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. HESTER A. WILLIAMS, *as Administratrix of John S. Williams, deceased.*

No. 7995.

1. RAILROAD CROSSING —*Duty of Traveler—Erroneous Instruction*. Where the view of a traveler on a highway approaching a railroad crossing is so obstructed that he cannot see an approaching train until within a few feet of the track, greater care should be exercised by him than if no such obstruction existed; and in such a case he should make a vigilant use of his senses to determine whether there is a present danger in crossing; and the question of whether he should also stop before attempting to cross is a matter for the determination of the jury. An instruction under those circumstances that he is not bound to stop when he approaches a railroad is error.

2. OBSTRUCTION OF VIEW—*Question for Jury*. A railroad company should not allow any unnecessary obstructions upon its right of way, near a public crossing, which would obstruct the view of an approaching traveler, nor of those in charge of an approaching train. In the conduct of the business of the company, however, it is necessary to place buildings and other structures and things upon the right of way, and therefore the trial court cannot arbitrarily instruct the jury that it is the duty of the company to keep its right of way at the public crossing open and free from any obstruction which would obscure the vision of a traveler, and prevent him from seeing an approaching train. Whether or not a duty rests upon the railroad company to keep its right of way free from such an obstruction is a question for the determination of the jury.

*Error from Doniphan District Court.*

ACTION by Hester A. Williams, administratrix of John S. Williams, deceased, against The Chicago, Rock Island & Pacific Railway Company to recover damages alleged to have resulted from his death by the wrongful act of said company. Defendant brings here for review the judgment rendered for plaintiff. The opinion herein, filed January 11, 1896, contains a sufficient statement of the case.

*M. A. Low*, and *W. F. Evans*, for plaintiff in error.

*F. W. Raymond*, and *Grant W. Harrington*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: As John S. Williams was driving along a highway and over a public crossing of the railway, he was struck by an engine of an approaching freight-train of the plaintiff in error, and killed. At the point of collision the railway extended east and west and across the public highway on which the deceased was traveling at right angles. At the time of the collision a hedge fence extended from some distance north of the railway along the west side of the highway and within from 15 to 26 feet of the railway track. West of this hedge was a large, dense orchard, covering several acres, which extended down to and upon the right of way of the railway. The hedge was thick with foliage, and 10 feet high, and this, with the orchard, rendered it difficult for a person driving on the highway to see a train approaching from the west until he had passed the point to which the hedge and orchard extended. At the time of the accident Williams was riding in a wagon and driving south on the highway, while the train with which he collided was coming from the west; and it appears that he was not seen by those in charge of the engine until they were within from 100 to 150 feet of the crossing. This action was brought by the administratrix of the estate of the deceased to recover damages alleged to have resulted from his death, and the jury awarded a verdict for the plaintiff below for $4,000.

The principal questions presented for our consid-

eration arise upon the rulings of the court in charging the jury. In one of the instructions the jury was told that

"The traveler on the highway is not bound to stop when he approaches a railroad, but is bound to use his senses of sight and hearing, and must exercise that degree of diligence in ascertaining the approach of the engine that a man of ordinary prudence would have exercised under like circumstances."

This ruling cannot be sustained. In effect, the jury were told that, dangerous as the crossing was, the deceased was not required to stop before attempting to cross. It appears that the view of the traveler was greatly obstructed at the crossing in question, and that it was an especially dangerous one to a person approaching from the north; and it further appears that the deceased was familiar with the conditions surrounding this crossing. How, then, can the court say, as a matter of law, that the traveler was not required to stop? The degree of care to be used by a traveler approaching a crossing depends upon its location and surroundings. If by reason of obstructions or other causes it is difficult to see or hear the approach of a train, greater care should be exercised than if no such difficulties existed. It was ruled in *A. T. & S. F. Rld. Co. v. Hague*, 54 Kan. 284, that

"Ordinarily, it is not the duty of a traveler on approaching a railroad track to stop; but there are cases where, by reason of obstructions or noises in the vicinity, he would be required not only to look and listen, but to stop and listen, before crossing the track. Whether the surroundings of the crossing and the existing circumstances and conditions are such as to require him to stop, is ordinarily a matter for the determination of the jury."

The supreme court of Wisconsin announced the rule as follows :

" If the view of a traveler on the highway approaching a railroad crossing is so obstructed that he cannot see an approaching train in time to stop his team before colliding with it, if he knows a train is due at such crossing at or about such time, and if he is unable to hear the approaching train when his team is in motion, whether by reason of the force and direction of the wind or of noises in the vicinity, whether made by his own wagon or by other causes, ordinary care requires him to stop his team while he may do so, and listen for the train." ( *Seefeld v. Railway Co.*, 70 Wis. 216.)

In Patterson on Railway Accident Law, § 177, the rule as to the degree of care which a traveler should use at a crossing is stated as follows :

" Where the view of the line from the highway is obstructed, or the crossing is in other respects specially dangerous, it is the duty of the traveler to exercise a higher degree of care, and if he cannot by looking and listening satisfy himself that it is prudent to cross the line, he must stop, or he must adopt such other precautions as ought to be taken under the particular circumstances of the case."

See, also, *Railway Co. v. Stommel*, 25 N. E. Rep. 863 ; *Railroad Co. v. Crisman*, 34 Pac. Rep. 286.

In view of the conditions surrounding this crossing, it was error for the court to declare, as a matter of law, that the traveler was not required to stop. Under the circumstances of the case it was a proper matter for the consideration of the jury.

The court also trenched upon the province of the jury in declaring that it was the duty of the railway company to keep its right of way at the crossing in question free from obstructions and open to the vision of travelers on a public, traveled road. The duties of

the company and the traveler at a public crossing are to some extent reciprocal. Both must take such precautions to avoid accidents as the circumstances of the case require. The railroad company should not allow any unnecessary obstructions upon its right of way near a public crossing which would obstruct the view of an approaching traveler nor of those in charge of the approaching engine and train. If it unnecessarily and negligently permits brush, trees or other obstructions to grow or stand upon its right of way near a public crossing, it must be held responsible for injuries resulting to others from such negligence, providing such others are free from fault. In the conduct of the business of the company, however, it is necessary to place buildings and other structures and things upon the right of way, and therefore it cannot be arbitrarily said by the trial court that it is the duty of the company to keep its right of way at the crossing in question open and free from any obstruction which would obscure the vision of a traveler and prevent him from seeing an approaching train. Whether it is necessary or negligent to place an obstruction upon the right of way is another matter to be left with the jury.

For these reasons the judgment cannot be allowed to stand. It is insisted by the company that it is entitled to judgment upon the findings and evidence, but a reading of the same satisfies us that we would not be warranted in directing a judgment in its favor.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.