THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. E. L. OWENS.

**No. 186.**

1. MEASURE OF DAMAGES—*where fence and clover field are injured, is their value.* The case of *Railway Co. v. Lycan* (57 Kan. 635) followed as to proof of value of hedge fence and clover field destroyed by fire resulting from negligence of a railroad company.

2. VARIANCE—*between pleadings and special findings is fatal.* The proof and findings of the jury as a basis for their general verdict should correspond with the averments in the pleadings. "The allegation of negligence in one particular does not warrant a recovery on proof of negligence in another and different matter." *S. K. Rly. Co. v. Griffith,* 54 Kan. 428.

Error from Montgomery District Court. Hon. J. D. McCue, Judge. Opinion filed November 10, 1897. *Reversed.*

*A. A. Hurd, O. J. Wood* and *W. Littlefield,* for plaintiff in error.

*Samuel Weston* and *S. H. Piper,* for defendant in error.

SCHOONOVER, J. In this action the defendant in error recovered damages in the court below for injuries occasioned by the plaintiff in error's negligently

516          RAILROAD CO. v. OWENS.

S. Dept.          Opinion.  Schoonover, J.          6 Kan. App.

permitting fire to escape and destroy eighteen acres of clover and fifty-nine rods of hedge fence.

It is contended by plaintiff in error that the evidence did not tend to prove the proper measure of damages. This court has held the correct rule for the measurement of damages to land alone, caused by fire communicated to it by the operation of a railroad, to be the difference in the fair market value of the land just before and just after the fire. The application of the rule to the issues and facts presented in each particular case is the preplexing question.

1. Measure of damages.

In the case of *Dwight v. Elmira, C. & N. R. R. Co.* (132 N. Y. 199, 30 N. E. Rep. 398 ), the court held the rule to be : " If the thing destroyed has a value which can be accurately measured without reference to the value of soil in which it stands, or out of which it grows, the recovery must be for the value of the thing destroyed, and not for the difference in the value of the land before and after such destruction."

To illustrate the application of the rule, this court has held : "The burning and destruction of an orchard by fire communicated to the premises by a railway company in the operation of its road is an injury to the real estate itself, and the true measure of damages for injury is the difference in the maket value of the land immediately before and after the injury." *Mo. Pac. Rly. Co. v. Haynes*, 1 Kan. App. 586.

The measure of damages for negligently burning a barn "is the value of the barn at the time of the burning thereof." *A. T. & S. F. Rld. Co. v. Huitt*, 1 Kan. App. 788. The Supreme Court in discussing this rule has said :

"The defendant also objected to witnesses being allowed to state the value of the trees and other things

destroyed as a part of the freehold, on the ground that this was allowing them to assume the province of the jury and fix the plaintiff's damages.   It is contended that the question should have been confined to the value of the farm as a whole before and after the injury, leaving the jury to compute the damages by deducting one from the other.   While this is undoubtedly the regular and proper method of arriving at such damages as cannot be itemized and definitely measured in detail, it does not preclude the use of the best evidence which the nature of the case affords. Where a thing, whether it be a building, a tree or a shrub, is destroyed by a wrongdoer, the most natural and best measure of the damage is the value of the thing destroyed as an appurtenant to, or part of, the realty, and ordinarily the value of the thing destroyed would be the measure of the injury to the freehold. If for any reason the injury to the realty should be in fact less than the value of the thing destroyed, the plaintiff's recovery would be limited to the actual diminution in value of the realty.   While this might be shown, either on cross-examination of the plaintiff's witnesses or as a matter of defense, it does not prevent proof by the plaintiff of the value of the thing destroyed as a part of the realty, as was done in this case." *Railway Co. v. Lycan,* 57 Kan. 641.

Upon this authority it was not error for the trial court to permit evidence tending to prove the independent value of the hedge and clover.

Plaintiff below in his bill of particulars alleges :

"That on the said twenty-third day of September, 1891, or about that time, said defendant ran a locomotive and train past the land so occupied by said plaintiff, in the operation of said road, which locomotive scattered fire along the right of way belonging to said defendant, in a negligent manner, and set fire to the grass and weeds growing on the said right of way, which fire immediately burned to the clover field and

2. Variance be-
tween pleadings
and findings.

the fence belonging to and in the posses-
sion of said plaintiff, and burned and
destroyed eighteen acres of clover and
part of the fence surrounding the same. That said
fire was caused by defect in defendant's engine, and
also by the carelessness of the engineer, firemen and
other employees of said defendant in managing said
engine. By reason of the negligence of said defendant,
the damage done to this plaintiff is one hundred dol-
lars. That the burning of this clover field has totally
destroyed its usefulness as a clover field. That said
defendant has wholly refused to pay for the same, and
the plaintiff has been obliged to hire an attorney to
prosecute this claim, and that his attorney's service
in and about this matter is fairly and reasonably
worth forty dollars.''

The jury made the following, among other, special
findings of fact :

''Q. If you find said fire to have been caused by
the negligence of said defendant or employees, state in
what said negligence consisted. A. In not having
the right of way burned.

''Q. If you find said negligence to consist in care-
lessness or mismanagement by defendant's employees
in charge of its train, state what employees of the de-
fendant were guilty of such negligence or careless-
ness. A. [No answer.]''

''Q. If you find said fire was caused by defendant's
engine scattering said fire, state whether said engine
was freight or passenger engine, and in what direc-
tion said engine was passing at the time it scattered
said fire. A. Freight engine going west.''

''Q. Is it not a fact that defendant's engine, which
is alleged to have scattered the said fire, was pro-
vided with all modern appliances for preventing the
escape of fire? A. Yes.''

The specific charge of negligence in the bill of par-
ticulars is, ''that said fire was caused by defect in

defendant's engine, and also by carelessness of the engineer, fireman and other employees of said defendant in managing said engine," while the jury find that the defendant or its employees were negligent "in not having the right of way burned."

This variance compels us to reverse this judgment. It is well settled that "the proof and findings must correspond with the pleadings, and that the allegation of negligence in one particular does not warrant a recovery on proof of negligence in another and different matter." *S. K. Rly. Co. v. Griffith*, 54 Kan. 434.

In this case the findings of the jury as a basis for their general verdict in no way correspond with the averments in the bill of particulars.

We think this variance was prejudicial to the rights of the defendant below.

The judgment of the District Court will be reversed.