THE ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY v. SAMUEL BLINN, *as Administrator.*

No. 520.  (62 Pac. 427.)

1. NEGLIGENCE—*Allegations of Petition—Instructions.* An instruction which authorized the jury to find for the plaintiff upon a ground of negligence not alleged in the petition *held* erroneous.

2. ———— *Value of Life—Evidence—Nominal Damages.* In the absence of evidence tending to show the pecuniary value of a life terminated by the negligent act of another, and in the absence of proven facts which might furnish the elements entering into a just estimate of the pecuniary value of the life so lost, a verdict in favor of the administrator of the estate of the deceased person for more than nominal damages cannot be sustained.

Error from Wilson district court; L. STILLWELL, judge. Opinion filed October 15, 1900. Reversed.

*J. W. Gleed*, and *John L. Hunt*, for plaintiff in error.

*T. J. Hudson*, and *Willets & Cooper*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought by Samuel Blinn, as administrator of the estate of his deceased wife, Annette D. Blinn, who was killed at a highway crossing on the line of the St. Louis & San Francisco railroad, near the village of New Albany, Wilson county, on January 27, 1897. She was walking alone towards the north on the public highway which extended north from a point near her residence, and was struck by a passenger engine attached to a train of cars and operated by the defendant company, at about two o'clock P. M. on the day named. The petition asked for damages in the sum of $10,000, and alleged that the action was brought for the benefit of the five children of the deceased. The jury returned a verdict in favor of the plaintiff below in the sum of $1000, and judgment was entered accordingly. The allegation of the amended petition charging negligence of the defendant is as follows :

"That as the deceased, Annette D. Blinn, had reached the crossing aforesaid and was in the act of crossing said railroad, the defendant carelessly and negligently caused one of its locomotives with a train of passenger-coaches and other cars attached thereto to approach said crossing from the east and then and there pass rapidly over said railroad, and negligently and carelessly omitted its duty while approaching said crossing to give signals of the approach of said train by ringing a bell or sounding a whistle ; that in consequence thereof the locomotive and cars struck her, the said Annette D. Blinn, with great violence and threw her out and upon the ground with such force

as to cause the death of her, the said Annette D. Blinn, immediately, or in a very short space of time, not to exceed·five minutes.''

The petition also alleged a large amount of evidentiary matter, part of which was to the effect that a hedge fence was growing and standing on the east side of the highway over which the deceased was traveling toward the crossing, and that such fence extended to within a few feet of the railroad-track. It was further alleged that the train which struck and killed the deceased was running at a rate of about sixty miles an hour. The plaintiff moved to strike out these allegations of evidentiary matter, but the motion was overruled. The answer contained a general denial and a plea of contributory negligence. The evidence as to the alleged negligence of the defendant in failing to sound the whistle when approaching the crossing where Mrs. Blinn was killed was very conflicting. Evidence concerning the dangerous character of the crossing for one approaching from the south, on account of the fences, and the grass and weeds on the right of way east of the fence, was received without objection by the defendant. The court gave, among others, the following instruction :

''7. With reference to the alleged hedge fence on defendant's right of way, you are instructed as follows : If you should believe from the evidence that the defendant unnecessarily and negligently permitted a hedge fence to remain standing on its right of way, that said fence was of such height and in such condition that it obstructed the view of the deceased of the train which was approaching, and that such alleged hedge fence was one of the contributing causes which resulted in the death of the deceased, then and under those circumstances, if the deceased was free herself

from ordinary negligence contributing directly to her own death, the defendant would be liable in this action.''

Without discussing all the questions raised by counsel, we shall briefly consider two which in our opinion require reversal of the judgment:

1. The court instructed the jury that if the defendant unnecessarily and negligently permitted a hedge fence to remain standing on its right of way in such condition as to obstruct Mrs. Blinn's view of the approaching train, and that if the jury should believe the hedge fence was one of the causes contributing to her injury, then the defendant would be liable, provided they also found that the deceased was free from ordinary negligence contributing to her own death. The petition did not allege that the hedge fence was on the right of way, nor that the company was in any way negligent in respect to the fence. There is only one ground of negligence pleaded; that is the defendant's failure to sound the whistle or ring the bell before reaching the crossing. The instruction was clearly erroneous, since under its guidance the jury were permitted to find for the plaintiff on account of negligence not alleged in the petition. This view is sustained in principle by the following decision:

''In an action against a railway company by one of its employees to recover damages for injuries occasioned by negligence of the defendant or its servants, the negligence proven at the trial and found by the jury as a basis of a general verdict in favor of the plaintiff must correspond with the averments of the petition.'' (*Railway Co. v. Griffith*, 54 Kan. 428, 38 Pac. 478.)

In the opinion in that case the court said that ''the allegation of negligence in one particular does not

warrant a recovery on proof of negligence in another and different matter." To the same effect is the decision in the case of *Railroad Co. v. Owens*, 6 Kan. App. 515, 50 Pac. 962.

2. It is contended that the damages awarded are excessive and that the evidence entitled the plaintiff to nominal damages only. The record shows that the deceased was the mother of five children, who survived her; that she was fifty-nine years of age, in good health and possessed of superior intelligence; that she was active and vigorous, and was walking from her home to visit a sick woman in New Albany when death overtook her; and that one son, twenty-one years of age, was living at home. The petition shows that Mrs. Blinn's daughter was married, but neither the petition nor the evidence indicates the age of any of the children, with the exception stated. Whether or not more than one lived at home cannot be learned from the record, nor does it show whether Mrs. Blinn contributed anywise to his support, nor that she performed any work or earned anything. In the absence of evidence tending directly to show the pecuniary value of a life terminated by the negligent act of another, and in the absence of proven facts which might furnish the elements entering into a just estimate of the pecuniary value of the life so lost, a verdict in favor of the administrator of the estate of the deceased person for more than nominal damages cannot be sustained. (*Railroad Co. v. Brown, Adm'r*, 26 Kan. 443; *Railway Co. v. Moffatt*, 60 Kan. 113, 55 Pac. 837.)

Whether or not the demurrer to the evidence produced by the plaintiff should have been sustained for the reason that it tended to prove contributory negligence on the part of the deceased is a somewhat diffi-

cult question under recent decisions of the supreme court. We are inclined to the view that the cases of *Railway Co. v. Williams*, 56 Kan. 333, 43 Pac. 246, and *Railway Co. v. Powers*, 58 id. 544, 50 Pac. 452, authorize the overruling of the demurrer to the evidence. Other questions discussed by counsel do not require special mention.

The judgment of the district court is reversed and the cause remanded for a new trial.