THE MISSOURI PACIFIC RAILWAY COMPANY v. C. L. GRIFFITH.

**No. 13,584.**   (76 Pac. 436.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury at Crossing*—*Pleading and Proof.*   Where the plaintiff sets up in his petition as grounds of recovery for injuries sustained in a collision with a railroad-train at a public crossing specific acts of negligence of the railroad company in failing to give warning of the approach of the train and in running at a high and reckless rate of speed, the trial court is not warranted in enlarging the issues and in submitting to the jury, as an additional ground of recovery, the negligence of the defendant in permitting buildings and cars to be placed and to remain on the right of way in such positions as to obstruct the view of the plaintiff when approaching the railroad-track.

Error from Miami district court; W. H. SHELDON, judge.   Opinion filed April 9, 1904.   Reversed.

*Waggener, Doster & Orr*, for plaintiff in error.

*N. W. Wells*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. :   At a crossing near the town of Lane a train of the Missouri Pacific Railway Company collided with a team and wagon driven by C. L. Griffith, destroying the wagon, killing one mule, crippling another, and greatly injuring Griffith.   He

Railway Co. v. Griffith.

brought this action to recover the damages sustained. The only negligence alleged against the railroad company in his petition was that the locomotive, with train, which struck him "was being negligently and recklessly managed, in this, to wit : that it was being run at a high and reckless rate of speed ; that no warning was given of its approach to said crossing on said public highway by ringing the bell on said locomotive, or by sounding the whistle thereof, or by any other means."

In describing the crossing and the situation where the accident occurred, he averred that on the right of way, and immediately east of the crossing, the company permitted to be constructed and maintained two frame buildings which obstructed the view of the railroad-track east of the highway, and also that at that time the company had placed on its side-track a boarding-train which extended easterly from the highway, and that this, together with the buildings mentioned, completely obstructed the view of a traveler approaching on the highway south of the railroad-tracks.   No negligence was imputed to the railway company on account of the location of the buildings or the position of the boarding-train.   In the course of the trial, which resulted in a verdict in favor of Griffith, the court charged the jury as follows :

"The particular acts of negligence imputed to the defendant in this action by the plaintiff are that it permitted to be constructed and maintained two frame buildings in such a manner as to obstruct the view of its track east from the public highway, and that it placed upon its side-track south of its main track a train of cars known as a boarding-train, extending easterly from about the center of the public highway in Lane, Kan., where plaintiff desired and attempted to cross defendant's track, to near the station-house of defendant."

In another instruction the jury were advised that the railway company must not allow any unnecessary obstruction on its right of way near a public crossing which might cut off the view of an approaching train, and that if it unnecessarily and negligently permit buildings or other structures or things to stand upon its right of way at a public crossing or highway, it is responsible for injuries resulting to travelers from such negligence, providing such travelers be free from fault. In other instructions the attention of the jury was directed to the placing of the buildings on the right of way and the boarding-train on the side-track as grounds of negligence, and they were told that if such negligence contributed directly to the injury of the plaintiff they should return a verdict in his favor.

The pleadings did not make the location of the buildings and boarding-train a ground of negligence or a basis of recovery. That they were on the right of way was stated in the petition, but it was not averred that they were unnecessarily or negligently placed and maintained there. It is sometimes necessary that there be buildings on the right of way of a railroad near a public crossing, and also that cars stand on side-tracks near a crossing for a short time, in such positions that they would obstruct the view of a traveler approaching a railroad-track; in other cases, the placing and maintenance of such obstructions may be wholly unnecessary, and may constitute negligence as to one injured in a collision with a train, where the injury would have been averted if the view had been unobstructed. The plaintiff, however, did not charge negligence in this respect, and the defendant had no cause to anticipate that it would be required to meet a charge of negligence not stated in

the petition.    The reference made to the obstructions did not enlarge the issues in the case.    It was not improper to set forth in the petition the existence of the obstructions, as they, to some extent, affected the parties in respect to the care which each should exercise.    Greater precaution should be taken, and a higher degree of vigilance exercised, by a traveler at a crossing where his view of the track is obstructed than where no such obstruction exists (*A. T. & S. F. Rld. Co. v. Hague*, 54 Kan. 284, 38 Pac. 257, 45 Am. St. Rep. 278; *C. R. I. & P. Rly. Co. v. Williams*, 56 id. 333, 43 Pac. 246); and a higher degree of care is required of a railroad company in running its trains over such crossings.    (*A. T. & S. F. Rld. Co. v. Hague*, supra; *Mo. Pac. Rly. Co. v. Moffatt*, 56 Kan. 667, 44 Pac. 607.)

The existence of the obstructions mentioned in the petition and shown in the testimony may have been the reason for requiring other and different warnings of the approach of the train to the crossing than were given, and their existence, on the other hand, may have explained why the plaintiff below did not see the approaching train, and to some extent relieves him from the imputation of contributory negligence; but in no event was it competent, under the pleadings, to treat the existence and location of the buildings and cars as negligence upon which the jury might base a recovery.    A plaintiff must recover, if at all, on the specific grounds stated in his petition.    The specific acts of negligence alleged in this case were the reckless rate of speed and the lack of proper warnings of the approach of the train, and there can be no recovery for any other act.    If other grounds of negligence were relied on they should have been distinctly set forth in the petition, and it was not competent for

the court to enlarge the issues and submit to the jury grounds of recovery other than those raised by the pleadings. (*A. T. & S. F. Rld. Co. v. Irwin*, 35 Kan. 286, 10 Pac. 820 ; *Railway Co. v. Moffatt*, supra.) The trial court not only made the obstructions a ground of negligence, but stated to the jury that placing and permitting the buildings and boarding-train to remain on the right of way, thus obstructing the view, were the principal acts of negligence imputed to the defendant company.

For the error mentioned the judgment of the district court must be reversed, and the cause remanded for a new trial.

All the Justices concurring.