THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY v. ARTHUR ASSMAN.

No. 14,328.    (83 Pac. 1091.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury at Crossing—Erroneous Instruction—Case
Followed.* The facts, the petition and the instruction con-
sidered in this case, being identical with those involved in
the case of *Railway Co. v. Griffith,* 69 Kan. 130, 76 Pac. 436,
that case controls this.

Error from Marion district court; R. L. KING, judge.
Opinion filed December 9, 1905.    Reversed.

STATEMENT.

THIS is a railway-crossing case. Defendant in error,
while driving home from the town of Tampa, on the
night of August 29, 1903, was struck by a freight-train
at a crossing and thrown from his wagon and injured.
He recovered judgment for $1175, and the railway
company brings the case here on error.

The crossing at which he was injured is about 800
feet east of the depot, upon the main traveled road in
the town of Tampa. The highway runs north and
south; the railway in an easterly and westerly direc-
tion. Defendant in error started home about nine
o'clock, driving east on Third street, which runs al-
most parallel with the track until at a point 107 feet
from the crossing, where the wagon road turns south-
east by a curve into the main highway leading south
over the right of way. He reached the crossing at the
same time the train did, without seeing its approach
until his team plunged forward, when he saw the en-
gine almost upon him and was unable to escape. The
crossing is at grade, the railway-tracks straight, and
the ground in all directions level. That part of the
town is unimproved, and at the time referred to there
was nothing to obstruct defendant in error's view of
the railway-tracks from the time he started east on

Third street until he reached the crossing, except the obstructions which are set out in the petition, hereinafter mentioned, and which consisted of the usual things found upon the right of way at such stations and some trees near the section-house. At a point 244 feet west of the crossing, on the north side of the railway, a switch leads to a side-track extending past the depot. It is claimed that, among other obstructions, there were upon this side-track several box cars.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for plaintiff in error.

*W. H. Carpenter,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: Among numerous errors complained of in this record we shall refer to but one, as that requires a reversal. The trial court, of its own motion and over the objection and exception of plaintiff in error, gave the following instruction:

"The court instructs the jury that a railway company at its stations has the right to construct necessary side-tracks and station-houses and other necessary buildings upon its right of way for the purpose of the transaction of its business as a railway company, and the fact that the same may obstruct the view of the railway-track at public highway and street-crossings would not of itself constitute negligence on the part of the railway company; but you are further instructed that it is the duty of a railway company, in the transaction of its business and management of its side-tracks at such stations, and the placing of cars thereon, to use ordinary care and prudence in the placing of cars upon such side-track, so that travelers approaching such streets or highways for the purpose of crossing the same may have as extended view of the railway-track as may be possible, in order that they may see an approaching train in attempting to cross a street or highway; and if you find and believe from the evidence that the defendant railway company was negligent, as this term is defined in these instructions, in failing to give proper signals

or alarms, and in placing box cars upon its side-track, and that such negligence was the proximate cause of the injury of the plaintiff, and if you further believe from the evidence that the plaintiff in no wise by fault upon his part contributed to such injury, then in such case your verdict should be for the plaintiff."

It is claimed that the petition makes no averment of negligence in the placing of cars upon the side-track or the maintaining of obstructions upon the right of way. The petition charges the railway company with negligence in running its train over the crossing at a high rate of speed, and in failing to sound the whistle, to ring the bell, or to give any signals, and in failing to stop the train after seeing defendant in error. It then describes the various obstructions upon the right of way, as follow:

"That said right of way as herein described was obstructed by buildings, being the depot buildings of said defendant company, and other outbuildings of said defendant company; and a side-track, which was at the time complained of full of cars then standing upon said side-track, which side-track was north of the traveled line of said defendant; also the stockyards of said company, located at or near said buildings, with large doors set high upon a foundation; a section-house, with its various outhouses and buildings and trees in front of said house and around it; placed there by the said defendant in such a manner that said buildings, cars, stock-yards, trees and other obstacles placed there by said defendant company did obscure all view of said defendant's track west of said crossing from view of one passing from the west to the east along said track parallel with said road on approaching said crossing on said section-line from the north."

The petition also contains the following averment:

"Plaintiff alleges that by reason of said defendant company, its agents and employees, so negligently, carelessly, wantonly and unlawfully omitting and neglecting to ring the bell upon said engine or locomotive, or cause the whistle of the same to be blown, or to sound any other alarm, or to stop said train after seeing plaintiff, and without fault on his part, the plaintiff was unable to hear the approach of said train:

and that by reason of the said defendant's completely obstructing the view, by causing to be placed all the objects heretofore set forth upon its right of way along its track, the said plaintiff was unable to see or know of the approach of defendant's said train."

There is no charge that the obstructions mentioned were negligently or carelessly placed upon the right of way, and the only apparent purpose of their mention in the petition was to furnish a basis for avoiding the imputation of contributory negligence of defendant in error in not discovering the approach of the train. If the pleader had intended otherwise, it would have been an easy matter to have specifically charged negligence in this respect by the use of the words "carelessly" or "negligently," or some other synonymous words. The exact question was before the court in *Railway Co. v. Griffith,* 69 Kan. 130, 76 Pac. 436, and no attempt will be made here to add to or improve upon the reasoning of Chief Justice Johnston in that case. The facts, the petition and the instruction complained of were the same, and the opinion in that case controls this.

Although several special questions were submitted to the jury, they were not asked to make any finding that the railway company was guilty of any specific act of negligence, and they found generally for plaintiff. The prejudice in this instruction is more manifest because it cannot be said that the jury did not base their verdict upon the very negligence which was not charged in the petition, and to which this instruction challenged their attention.

We have carefully examined the record and cannot agree with counsel for defendant in error that this question is raised for the first time in this court, or that, by failing to object to testimony showing the presence of the obstructions upon the right of way, plaintiff in error thereby admitted that the petition charged negligence in this respect. The instruction complained of was objected to, and the objection raised the question whether the instruction was proper

under the issues. It is seldom that instructions are argued except upon a motion for a new trial, and the record does not disclose what was specifically urged upon the motion in this case.

The petition, as we have seen, failed to charge negligence in maintaining these obstructions. The averment that the obstructions existed, however, being a material one for the purposes we have mentioned, it was proper for plaintiff to offer testimony to prove that there were cars upon the side-track upon the night in question, and defendant had no reason for any objection to such testimony. But, by offering witnesses to prove the contrary and to show that in fact there were no cars upon the side-track at that time, or to prove that this or that alleged obstruction would not prevent a person from seeing an approaching train, defendant did not thereby either enlarge the issues or admit that something was charged as negligence in the petition which was not.

The judgment is reversed and the cause remanded.

All the Justices concurring.