No. 26,225.

E. J. ADAMS, Administrator of the Estate of LLOYD L. ADAMS, De-
ceased, *Appellee*, v. MISSOURI-KANSAS-TEXAS RAILROAD COMPANY,
*Appellant*.

SYLLABUS BY THE COURT.

RAILROADS—*Accidents at Crossings—Negligence—Obstruction of View by Train.*
The fact that a train which is standing upon a sidetrack near a highway
crossing, but no part of which rests thereon, is so placed as to obstruct
the view of a train approaching on the main track cannot constitute an
independent ground of negligence upon which to base liability of the com-
pany in an action against it growing out of a crossing collision. In such
a case the court will not enter upon the inquiry whether the needs of the
road with respect to its operation might have been met by placing the
standing train in a different position such as to afford a view of an ap-
proaching train at a greater distance.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed
December 5, 1925. Reversed.

*W. W. Brown, C. E. Pile,* both of Parsons, and *Douglas Hudson,* of Fort
Scott, for the appellant.

---

Railroads, 33 Cyc. pp. 934, 935; 47 L. R. A., n. s., 821 *et seq.;* 22 R. C. L. 995.

*James G. Sheppard,* of Fort Scott, *John A. Hall,* of Pleasanton, and *C. F. Newman,* of Springfield, Mo., for the appellee.

*Alfred G. Armstrong,* of Topeka, as *amicus curiæ.*

The opinion of the court was delivered by

MASON, J.: Lloyd L. Adams was killed in a collision between the Ford automobile in which he was riding and a freight train of the Missouri - Kansas -Texas Railroad Company. His administrator brought an action against the company and recovered a judgment, from which this appeal is taken.

Several grounds of negligence were alleged and were submitted to the jury. The conduct of the defendant upon which the verdict was based (as shown by a special finding) was in causing the engine of another freight train on a sidetrack to stand in such a place as to obstruct the view of the crossing.

The accident occurred near the station at Centerville. The train which struck the automobile came from the northeast. The other freight train stood upon a sidetrack to the southeast of the main track, and was also headed southwest. The automobile came from the southeast. The front of the engine of the standing freight train was about sixty-five feet from the crossing. According to the findings, this train and engine obstructed the view of the approaching train until the automobile was within fifteen feet of the point of collision; the automobile (the brakes of which were shown by evidence in behalf of the plaintiff to have been in good condition) was going five miles an hour and could have been stopped within fifteen feet.

The fact that at a railroad crossing the view is obstructed by cars on the track is of course always to be taken into account in considering the character and extent of precautions against collision to be taken by both the company's employees and travelers on the highway; but whether it can in itself constitute an independent ground of actionable negligence, is a matter requiring now to be determined. In *Denton v. Railway Co.,* 90 Kan. 51, 54, 55, 133 Pac. 558, the difference in opinion on the subject is noted. The decision there cited as tending to favor the affirmative of the proposition (*Reed v. The Chicago, St. P., M. & O. Ry. Co.,* 74 Ia. 188) did not commit the court rendering it to that view, as is evident from a number of later decisions, in one of which this language is used:

"That the placing of freight cars upon a sidetrack so as to obstruct the view

Adams v. Missouri-K.-T. Rld. Co.

of a crossing would not be deemed as an independent ground of negligence is too plain to require argument. The authorities are practically uniform on this question." (*Bruggeman v. Railway*, 154 Ia. 596, 599.)

In *Missouri, K. & T. R. Co. v. Perino*, 89 Okla. 136, expressions occur to the effect that the company might be liable for unnecessarily leaving cars on the track so as to obstruct the view. But this is said in connection with citations of the Iowa case just quoted from and of *C. R. I. & P. Rly. Co. v. Williams*, 56 Kan. 333, 43 Pac. 246, where the obstruction in question was a hedge fence, and the court was discussing such permanent obstructions as "brush, trees . . . buildings and other structures and things upon the right of way" (p. 337). A number of cases cited in those already referred to support the doctrine that cars standing on a track (but not encroaching upon a highway) in such a position as to interfere with the view of approaching trains cannot constitute an independent ground of negligence. The following are others: *Bannister v. Illinois Cent. R. Co.*, [Ia.] 202 N. W. 766; *Paducah & Memphis R. R. Co. v. Hoehl*, 75 Ky. 41, 44; *Chicago, etc., R. Co. v. Prohl*, 64 Ind. App. 302; *Dir'tor Gen'l v. Pence's Adm'x*, 135 Va. 329.

Contrary to the weight of authority (22 R. C. L. 995) this court, as already indicated, holds that the existence of unnecessary trees, buildings or like objects upon the right of way obstructing a view of the track may form an independent ground of negligence. The test is whether the object is something serving a useful purpose in the maintenance or operation of the railroad; and if that is established the court will not enter into the inquiry whether it might have been placed in a different position where it would serve the same end and at the same time afford a fuller view of the track. Trains, cars or engines standing upon a sidetrack near a crossing (but not extending into the highway) are to be classed, with relation to forming an independent ground of negligence, with necessary structures upon the right of way. They are in use in the ordinary operation of the road, and the court will not, as a basis for an independent ground of liability, undertake to determine whether some other position might have been selected such as to meet the needs of the road in regard to loading and unloading, making up trains, meeting time schedules, and like matters, and at the same time render an approaching train visible at a greater distance to one having occasion to cross the track.

This conclusion requires a reversal, for the reason that it compels

the decision that no actionable negligence on the part of the defendant was established. It is therefore unnecessary to consider other questions which have been argued relating to contributory negligence.

The judgment is reversed and the cause remanded, with directions to render judgment for the defendant.