THE ATCHISON, TOPEKA & SANTA FE RAILWAY
COMPANY v. GEORGE F. MOORE.

No. 523.   (63 Pac. 458.)

RAILROAD-CROSSINGS—*Duty of Traveler—Negligence.* "Where
a traveler on a country highway comes to a railway-crossing with
which he is familiar, and knows that a train is about due at that
point and is liable to pass at any time, it becomes his duty, as an
act of ordinary prudence, to look and listen for its approach; and
if the sense of sight be unavailing because of obstructions to the
view, and the sense of hearing be unavailing because of prevent-
ing noises, it becomes his duty, as a further act of ordinary pru-
dence, to stop in order to better enable him to look and listen
before entering upon the crossing; and in such a case, if by stop-
ping he can see or hear the approaching train, but fails to do so,
his negligence in such respect should be declared as a matter of
law, and not left to the determination of the jury as a question of
fact." (*Railroad Co. v. Willey*, 60 Kan. 819, 58 Pac. 472.)

Error from Allen district court; L. STILLWELL,
judge. Opinion filed January 14, 1901. Reversed.

*A. A. Hurd*, for plaintiff in error.

*A. H. Campbell*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: Defendant in error brought this
action in the district court of Allen county against the
Atchison, Topeka & Santa Fe Railway Company to
recover damages for the destruction of personal prop-
erty and for personal injuries sustained by him by
reason of a collision between one of the railway com-
pany's trains and his team and wagon at a public
crossing. The case was tried to a jury, which returned
a verdict in favor of plaintiff. Judgment was ren-
dered upon the verdict in favor of plaintiff, and the
railway company brings the case here.

In addition to their general verdict, the jury re-

turned answers to special questions submitted by counsel for the railway company. The railway company filed a motion asking judgment upon the special findings. The court overruled the motion, and it is of this ruling that the plaintiff in error complains.

The special findings, so far as material to the questions to be determined, are as follows:

"2. State what time of day the accident occurred. Ans. Between one and two o'clock P.M."

"4. Was the train running on schedule time at the time of accident? A. Yes.

"5. Was the engineer in charge of engine that collided with plaintiff's wagon a competent, experienced and skilful engineer? A. Yes."

"26. Did the plaintiff stop before attempting to cross the track? A. No.

"27. When the plaintiff with the team drove on the right of way from the east, and before his team reached the railroad-track, if he had looked south could he have seen the approaching train? A. Yes."

"30. If the plaintiff had listened before attempting to cross the railroad-track, could he have heard the approaching train? A. No.

"31. If you answer the preceding question, No. 30, in the negative, then state fully why he could not have heard it. A. On account of the noise of his wagon."

"34. Was the plaintiff well acquainted with the crossing? A. Yes.

"35. Did he cross it frequently? A. Yes.

"36. Was plaintiff well acquainted with the time passenger-trains passed the crossing where the accident occurred? A. Yes.

"37. Did the passenger-train that struck plaintiff's wagon pass the point of accident at the usual time? A. Yes."

"42. Did the plaintiff, before attempting to cross the railroad-crossing where the accident occurred, take any precaution to prevent the accident to himself? A. Yes.

"43. If you answer the preceding question in the affirmative, then state what was done. A. Looked and listened."

It is not urged that the special findings show that the railroad company was not negligent. Plaintiff in error rests its case upon the proposition that the findings show contributory negligence upon the part of the defendant in error. It is contended by plaintiff in error that defendant in error failed to stop, look and listen before attempting to cross the track, and that he was therefore guilty of contributory negligence. In support of this proposition, the cases of *Railroad Co. v. Holland*, 60 Kan. 209, 56 Pac. 6, and *Railroad Co. v. Willey*, 60 id. 819, 58 Pac. 472, are cited. The first paragraph of the syllabus in the Holland case is as follows :

"A person who sees a railroad-track upon which trains may pass at any time is already warned of danger, and it is the imperative duty of one about to cross the tracks of a railroad at least to look and listen for approaching trains. If he fails to look, when by looking he could see a coming train, and there is no excuse for such failure, he will be deemed guilty of negligence *per se*, and not entitled to recover for injuries sustained in a collision with a train, although those in charge of the train failed to give any signal of its approach."

In the Willey case, the syllabus is as follows :

"When a traveler on a country highway comes to a railway-crossing with which he is familiar, knowing that a train is about due at that point and liable to pass at any time, it becomes his duty, as an act of ordinary prudence, to look and listen for its approach ; and if the sense of sight be unavailing because of obstructions to the view, and the sense of hearing unavailing because of preventing noises, it becomes his duty, as a further act of ordinary pru-

Railway Co. v. Moore.

dence, to stop in order to better enable him to look and listen before entering upon the crossing ; and in such a case, if by stopping he can see or hear the approaching train, but fails to do so, his negligence in such respect should be declared as a matter of law, and not left to the determination of the jury as a question of fact."

The evidence is not incorporated in the record and every reasonable presumption must, therefore, be indulged in favor of the general verdict. (*Louisville & N. R. Co. v. Kemper*, 153 Ind. 618, 53 N. E. 935 ; *Hobbs v. Salem-Bedford Stone Co.*, 22 Ind. App. 436, 53 N. E. 1065.)

In answer to question No. 43, the jury found that before attempting to drive upon the track the plaintiff looked and listened.   In reply to question No. 27, the jury declared that when the plaintiff drove upon the right of way, and before he reached the track, if he had looked south he could have seen the approaching train.   Here is an apparent conflict, but, applying the rule that every reasonable presumption must be indulged in favor of the general verdict, we must assume that plaintiff could not, at all times, while passing from the line of the right of way to the track, see the train.   There may have been obstructions which prevented him from seeing the track except at some particular point, and it may be true that plaintiff did look and listen, though not at that particular place.   But, under the rule laid down in the case of *Railroad Co. v. Willey*, supra, if the senses of sight and hearing were unavailing because of obstructions and preventing noises, it became the duty of the plaintiff to stop in order better to enable him to look and listen before entering upon the crossing.

In answer to question No. 26, the jury found that

plaintiff did not stop before attempting to drive upon the track, and in reply to questions 30 and 31, that he could not hear the approaching train because of the noise made by his wagon.   Under these circum- stances, it became his duty to stop.   If there were no . objects which obstructed the view, then the jury's finding that plaintiff looked and listened before attempting to drive upon the track is manifestly un- true, for the jury also found that plaintiff's eyesight was good and that the day was clear.   Assuming that there were obstructions, it became the plaintiff's duty to stop.

We. think that the motion of defendant below for judgment upon the special findings should be sustained, and the judgment of the district court will therefore be reversed, and the case remanded with instructions to enter judgment for defendant.