St. Louis & San Francisco Railroad Company v.
J. T. Brock.

No. 12,412.    ( 67 Pac. 538.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury at Crossing — Contributory Negligence—
Question for Jury.* When there is evidence tending to show
that a traveler injured by a train at a railroad crossing might
have assured his safety by stoping to look and listen better for
the approaching train, it is error to refuse an instruction sub-
mitting to the jury the question of his obligation to stop.

Error from Montgomery district court; A. H. SKID-
MORE, judge. Opinion filed January 11, 1902. Re-
versed.

*J. W. Gleed, D. E. Palmer,* and *John L. Hunt,* for
plaintiff in error.

*Clark & Brown,* for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action for damages for
bodily injuries alleged to have been negligently in-
flicted on the plaintiff below at the crossing of a
railroad-track and a public highway. The plaintiff
undertook to drive a team and vehicle over the cross-
ing in front of an approaching train. The engineer
of the train neglected to give the required warning
signal for the crossing, and the plaintiff's view of the
track in the direction from which the train was com-
ing was obstructed. One of the defenses was con-
tributory negligence. There was evidence which
tended to show that the plaintiff might have assured
his safety by stopping to look and listen better before
venturing upon the crossing. The defendant re-

quested the court to give the jury the following as an instruction :

"Where the view of the plaintiff on the highway approaching the crossing of the railroad of the defendant is obstructed so that he cannot see an approaching train until within about fifteen feet of the track, greater care should be exercised by the plaintiff than if no such obstruction existed ; and in case you find that the view was so obstructed that he could not have seen an approaching train until within about fifteen feet of the track, then it would be incumbent upon the plaintiff to use greater care than though there were no obstruction ; and he should make a vigilant use of his senses to determine whether there is a present danger in crossing. The question as to whether he should have stopped and assured himself that there was no danger is one for you to decide. If you find that he should have stopped, and made sure that there was no danger in crossing, and that he did not take this precaution, then you are instructed that the plaintiff cannot recover and that it is your duty to return a verdict in favor of the defendant."

The request to give the above as an instruction was refused, and there was nothing given in lieu of it. Judgment went for the plaintiff, to reverse which error has been prosecuted. The claim of error must be sustained.

In *A. T. & S. F. Rld. Co. v. Hague,* 54 Kan. 248, 38 Pac. 257, 45 Am. St. Rep. 278, it was held :

"Ordinarily it is not the duty of a traveler on approaching a railroad-track to stop, but there are cases where by reason of obstructions or noises in the vicinity he would be required not only to look and listen, but to stop and listen before crossing the track. Whether the surroundings of the crossing and the existing circumstances and conditions are such as to require him to stop is ordinarily a matter for the determination of the jury."

The cases are rare indeed in which the question of the obligation of a traveler about to undertake the crossing of a railroad-track to stop in order the better to employ his senses of sight and hearing should not be submitted to the jury. There may be cases, possibly, in which none of the evidence tends to show that it would have been the part of wise caution to stop, and there are occasionally cases in which the evidence proves without doubt that the traveler should have stopped. In the latter class the obligation to stop must be declared as matter of law by the court. (*Railroad Co. v. Willey*, 60 Kan. 819, 58 Pac. 472.) In all other cases we think the question of the plaintiff's justification in omitting the precaution should be submitted to the jury.

In this case there is a division of opinion whether on the facts specially found by the jury judgment should have been entered for the defendant notwithstanding the general verdict; hence we do not express any views as to that question.

We have not deemed it necessary to examine other claims of error, except one as to service of summons, and others as to the sufficiency of the plaintiff's petition and his evidence in chief. These claims are not well founded, but the one first mentioned is, and, because thereof, the judgment of the court below is reversed and a new trial ordered.

JOHNSTON, SMITH, ELLIS, JJ., concurring.