THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
v. F. F. JENKINS.
No. 14,502.   (87 Pac. 702.).

SYLLABUS BY THE COURT.

RAILROADS—*Injury at Crossing—Contributory Negligence.* Upon
the facts of this case it is held a traveler upon a highway
should have stopped to look before driving his team upon a
railway crossing.

Error from Miami district court; WINFIELD H.
SHELDON, judge.   Opinion filed November 10, 1906.
Reversed.

*John Madden, W. W. Brown,* and *J. E. Maxwell,* for
plaintiff in error.

*Frank M. Sheridan,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued for the value of a
team of horses, harness and wagon injured at a high-
way crossing over the defendant's tracks.   There is no
dispute about the material facts, and for the purposes
of the decision it may be conceded the railway company
was negligent.

The accident happened upon a main track running
north and south.   West of the main track twenty-one
feet and six inches lay a side-track filled with box cars
which encroached upon both sides of the highway,
leaving a space some twenty feet in width for passage.
The driver of the team approached the crossing from
the west.   His last look for a train before the instant
the accident occurred was taken at a point 120 to 160
feet distant from the side-track.   From there to the
side-track his view of both tracks toward the south
was obstructed, and the cars on the side-track con-
tinued to obstruct his view of the main track in that
direction.   He did not stand in the forward part of
his wagon-box, where he could more quickly have seen,

but, without reason, so far as the evidence discloses, took a position over the rear axle, eighteen feet from his horses' heads. As the team crossed the side-track the near horse shied slightly at the box car on the north and drew plaintiff's momentary attention in that direction. The team, however, was gentle and at all times under control. When he looked to the south a north-bound train was upon him. He said he was listening and heard no train; that he knew a train was likely to pass at any time; and that he was familiar with the crossing and its surroundings. The jury found specially that he knew of the obstructions and knew they cut off his view to the south; that he could have seen the danger of a collision before it took place had he stopped to look before driving upon the main track, and that he could have avoided the collision had he stopped to look and listen, but that he did not do so. The jury also found that the employees of the railway company in charge of the train discovered the driver's peril too late to avert the injury. Notwithstanding these findings a verdict was returned for the plaintiff.

A series of parallel railroad-tracks constitute a series of separate dangers to a traveler upon a highway intersecting them. Peril succeeds peril until all are crossed, and caution must be exercised in the presence of each one. To look and listen once for all is not enough if there be opportunity to make further observations as the journey proceeds. Even though the view be obstructed until the first track is reached, if the second can then be scanned for danger ordinary care requires that the occasion be improved. Ordinary care further requires that a man driving a team across a railroad-track or a series of railroad-tracks shall not deprive himself of the opportunity of a prompt view by unnecessarily lagging behind while the team proceeds unguarded into danger. He must be vigilant in trying to see.

The findings of the jury in this case make it obvious that if the driver had stood in the forward part of his

wagon he would have seen the train and would have avoided the collision. Instead of this he projected the team ahead of him almost the entire distance across a place of safety and into danger before the line of his vision cleared the obstruction to the south. Situated as he was, the jury found that if instead of driving on he had stopped to look he could have seen the train and could have prevented disaster. Having disabled himself from making timely use of his sense of sight, he should have offset the voluntary handicap by stopping to look. The fact that the driver was listening as he drove along does not exculpate him. When, in addition to listening, he could have looked and saved himself, he should not have abused the opportunity. Whenever there is a field for the exercise of both sight and hearing both faculties must be employed.

The facts found specially by the jury require consideration in the light of other facts not found, but merely admitted by the plaintiff's testimony; therefore judgment cannot be ordered upon the findings. The judgment of the district court is reversed, and the cause remanded.

All the Justices concurring.