## THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY *et al.* V. W. B. JENKINS.

### No. 14,800.   (98 Pac. 208.)

RAILROADS — *Injury at a Crossing — Contributory Negligence.*
The rule applied that if one about to cross a railroad track
voluntarily creates such conditions that he can not by looking
without stopping see an approaching train in time to prevent
a collision he assumes the additional duty to stop and look, if
by so doing he can protect himself.

Error from Miami district court; WINFIELD H. SHEL-
DON, judge.   Opinion filed November 7, 1908.   Re-
versed.

*John Madden, W. W. Brown,* and *J. E. Maxwell,* for
plaintiffs in error.

*Frank M. Sheridan,* for defendant in error.

*Per Curiam:*   While W. B. Jenkins was driving
across the track of the Missouri, Kansas & Texas Rail-
way Company his team was run into by a train, and he
received injuries on account of which he sued the com-
pany, recovering a judgment to reverse which this pro-
ceeding is brought.   The accident was the same as de-
scribed in *Railway Co. v. Jenkins,* 74 Kan. 487, 87
Pac. 702, where it was held that the contributory neg-
ligence of the driver prevented a recovery.   The plain-
tiff contends that differences in the evidence and find-
ings prevent the rule there announced from being ap-
plicable here.   The proposition determinative of that
case was that if one who is about to cross a railroad
track voluntarily creates such conditions that he can
not by looking without stopping see an approaching
train in time to prevent a collision he assumes the addi-
tional duty of stopping to look, if by so doing he can
protect himself.

In the present case the jury found these facts: The
plaintiff was in a lumber wagon, driving his team while

2—79 KAN.

standing about two feet from the rear end. Nothing prevented him from standing in the front instead of the rear end if he had so desired. From where he stood his view of the track in the direction from which the train was coming was cut off by various obstacles until just before his horses stepped upon the track. Then he could see along the track for a distance of about 130 feet. His team was walking; it was gentle, and under his control at all times until just prior to the accident. He could have stopped it before going on the track if he had wished to do so. He drove upon the track without stopping to look and listen. The train, which was running at the rate of thirty miles an hour, struck the horses just behind the shoulders, as they were stepping on the track. Just before it struck them plaintiff attempted to pull them around off the track.

From these findings it appears that if the plaintiff had stood near the front of the wagon he could have seen the train while his horses, proceeding at a walk and under full control, were at a considerable distance from the track—probably about eight feet. It is equally clear that if, just before driving upon the track, he had stopped to look he would have seen the train and the accident would have been prevented. Within the principle of the earlier case, having voluntarily chosen such a position for driving that merely looking without stopping would not give him notice of the danger in time to avoid it, he assumed the additional duty of stopping to look, and his neglect of that precaution barred his recovery.

Another finding suggests that the judgment might be upheld under the "last clear chance" doctrine. To the question "Did the employees of the defendant company in charge of the train discover the peril of the plaintiff too late to prevent the injury by the exercise of ordinary care and prudence?" the jury answered "No." If this meant that the trainmen saw the plaintiff in time so that they could then by the exercise of ordinary diligence have avoided the collision, it would of course

be fatal to the defendant's case. But it is open to the construction that the employees in charge of the train did not discover the plaintiff at all; and that this is what the jury had in mind is evident from the fact that in reply to another question they said that the trainmen could not have done anything after seeing the plaintiff to prevent the accident.

The judgment is reversed, and a judgment for the defendant ordered on the findings.