MOLLIE J. DENTON, *Appellant*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellee.*

No. 18,280.

SYLLABUS BY THE COURT.

1. NEGLIGENCE BY VIOLATION OF STATUTE—*Injury Must be of a Kind Contemplated by Act.* In order for the violation of a criminal statute to constitute actionable negligence the injury complained of must be of the sort the legislation was intended to prevent.

2. ———— *Same.* The statute making it a misdemeanor for a railway company to allow cars to stand upon a street for more than ten minutes at a time, in such a way as to reduce the opening in the traveled part thereof to less than thirty feet, is intended to prevent obstructions to travel, and acts in violation thereof do not necessarily constitute negligence for the purposes of an action in which the plaintiff relies upon the fact that the position of the cars, by obscuring his view of the track, prevented his seeing an approaching engine in time to avoid a collision.

3. ———— *City Ordinance—When it Takes Effect.* An ordinance requiring a railway company to provide a flagman at a street crossing, which purports to take effect upon publication, is in force from that time, irrespective of whether the company had actual notice, or in the exercise of reasonable diligence ought to have learned of it.

4. CONTRIBUTORY NEGLIGENCE OF HUSBAND—*Not Imputable to Wife.* Where a woman is injured through the negligence of a railway company, she is not precluded from recovery by the fact that a contributing cause of her injury was the failure of her husband to exercise due care in the management of the automobile in which they were riding.

5.. SPECIAL FINDINGS—*Fact Determined—Final on New Trial.* A special finding that the defendant is not guilty of one of several acts of negligence charged against him, which is not

affected by any erroneous ruling, may be treated as a final determination of that question, notwithstanding a new trial is granted upon other issues.

Appeal from Labette district court. Opinion filed June 7, 1913. Reversed.

*C. E. Pile,* of Parsons, for the appellant.

*John Madden,* and *W. W. Brown,* both of Parsons, for the appellee.

The opinion of the court was delivered by

MASON, J.: Mollie J. Denton was riding in an automobile, driven by her husband, across a street in Parsons crossed by twenty-four tracks of the Missouri, Kansas & Texas railroad. As it was crossing one of the tracks the automobile was struck by a switch engine and Mrs. Denton received injuries on account of which she sued the railway company. A general verdict was returned in her favor. The jury were asked to state upon what acts of negligence the verdict was based, and answered by the word—"Obstructions." The trial court rendered judgment for the defendant upon the special findings, first setting this one aside. The plaintiff appeals.

The petition charged the defendant with negligence in three respects: (1) in failing to give any signal of the approach of the engine; (2) in allowing two of its freight cars to stand upon the street for more than ten minutes at a time in such a way as to reduce the opening in the traveled portion to less than thirty feet, in violation of the statute making such conduct a misdemeanor; and (3) in failing to provide a flagman, as an ordinance required. The case was tried by the plaintiff largely upon the theory that the violation of the statute referred to was the proximate cause of the injury because one of the cars prevented the employees of the company on the engine from seeing the auto-

mobile, and prevented the driver of the automobile from seeing the engine, until the collision was imminent. An instruction was given that a finding to this effect would authorize a verdict for the plaintiff. We do not think a recovery could be sustained on that theory. In order for the violation of a statute to constitute actionable negligence the injury complained of must be of the sort the legislation was intended to guard against.

"It is believed that as a general rule evidence of the violation of a statute or ordinance can tend to show actionable negligence only where the consequences particularly or generally contemplated by the provision in question have ensued from its violation." (21 A. & E. Encycl. of L. 481.)

"In order to render the violation of a statute or ordinance actionable negligence the consequences which resulted from such negligence must have been those contemplated by the provision." (29 Cyc. 438.)

"When a statute creates a duty with the object of preventing a mischief of a particular kind, a person who, by reason of another's neglect of the statutory duty, suffers a loss of a different kind, is not entitled to maintain an action in respect of such loss." (*Gorris v. Scott,* L. R. 9 Exch. 125, headnote.)

" 'Negligence' is a breach of duty. Those only to whom that duty is due and who have sustained injuries of the character its discharge was designed to prevent can maintain actions upon it." (*Chicago G. W. Ry. Co. v. Minneapolis, St. P. & S. S. M. Ry. Co.,* 100 C. C. A. 41, 45, 176 Fed. 237.)

The rule referred to results from a special application of the broader principle that the object of the statute must be looked to in order to determine who may invoke its benefit. The test whether an individual injured by the violation of a penal statute may recover damages from the wrongdoer is whether the legislature intended to give such right. (*Harrod v. Latham,* 77 Kan. 466, 471, 94 Pac. 11; 1 Cyc. 679.) A matter necessarily to be considered in applying that test is

whether the lawmakers had similar injuries in mind and designed to prevent them. The cases holding that the violation of a statute constitutes actionable negligence only in favor of a person belonging to the class intended to be benefited are fully collected in notes in 9 A. & E. Ann. Cas. 427; Ann. Cas. 1912 D. 1106, 9 L. R. A., n. s., 338, 343, and 36 Am. St. Rep. 817.

The statute here invoked was clearly intended to prevent the impeding of traffic, by providing that except for limited periods a strip thirty feet wide should be kept open for travel. The title describes the act as one "to prohibit railroads from obstructing public highways and streets." The prohibition in full reads:

"Each and every railroad company or any corporation leasing or otherwise operating a railroad in Kansas is hereby prohibited from allowing its trains, engines or cars to stand upon any public road within one-half mile of any incorporated or unincorporated city or town, station or flag station, or upon any crossing or street, to exceed ten minutes at any one time without leaving an opening in the traveled portion of the public road, street or crossing of at least thirty feet in width." (Gen. Stat. 1909, § 7142.)

Evidently the purpose of the statute was to prevent obstacles to travel, not to sight; the injury in the mind of the legislature was that resulting from delay in crossing, not from collisions with a moving train. In *Corley v. Railway Co.*, post, p. 70, it was decided that a railway company may be liable for injuries due to the obstruction of vision by objects unnecessarily allowed near the track. The principle has been applied where cars have been so left upon a sidetrack as to produce that effect. (*Reed v. The Chicago, St. P., M. & O. Ry. Co.*, 74 Iowa, 188, 37 N. W. 149. See, however, *Bruggeman v. Illinois Cent. R. Co.*, [Iowa, 1912] 134 N. W. 1079; *C. & A. R. R. Co. v. Pearson*, 184 Ill. 386, 56 N. E. 633; *Chicago, B. & Q. R. Co. v. Roberts*, 3 Neb. [Unof.] 425, 91 N. W. 707; *Selleck v. Railway Co.*, 93 Mich. 375, 53 N. W. 556, 18

L. R. A. 154; *Railroad v. Witherspoon,* 112 Tenn. 128, 78 S. W. 1052.)

The violation of a law may be evidence of negligence, even in a situation where it could not actually constitute negligence. (*Union Pacific Railway Co. v. McDonald,* 152 U. S. 262, 38 L. ed. 434; Note, 9 A. & E. Ann. Cas. 431.) Thus, upon an issue whether or not cars so placed as to obstruct vision at a crossing were necessarily and properly there, the fact of the violation of the statute here involved might have evidential value. Here, however, no question was presented of negligence in the obstruction of the view, apart from the statute. The plaintiff relied upon the violation of the law as constituting negligence in and of itself.

The jury were instructed that the failure to maintain a flagman was negligence, if the company had actual notice of the passage of the ordinance, or in the exercise of ordinary care should have known of it, prior to the accident. The injury occurred November 8, 1910. The ordinance was published November 2, 1910, and purported to take effect at that time. The jury found that the defendant first had actual notice of it on November 12, 1910. The statute imposes no restriction, and it rests with the body passing the ordinance to determine the time of its taking effect. (21 A. & E. Encycl. of L. 997.) There is some conflict in the authorities regarding the necessity for publishing an ordinance except when, as in this state, it is required by statute (28 Cyc. 359, 391, 392), but apparently none as to the power of the municipality to make it effective immediately upon publication. Such an ordinance as that here involved has the force of law, and like a statute imposes an obligation regardless of any question of actual notice, or of constructive notice based upon opportunity for information, notwithstanding the hardship that may sometimes result.

Findings were made to the effect that the position of one of the freight cars obscured the view of the track

so that the front of the automobile was on the track before the driver was able to see the engine. In somewhat similar situations it has been held that the question whether the exercise of due diligence required the traveler to stop, as well as to look and listen, is a question for the jury. (*A. T. & S. F. Rld. Co. v. Hague,* 54 Kan. 284, 38 Pac. 257, 45 Am. St. Rep. 278; *C. R. I. & P. Rly. Co. v. Williams,* 56 Kan. 333, 45 Pac. 246; *C. R. I. & P. Rly. Co. v. Hinds,* 56 Kan. 758, 44 Pac. 993.) In exceptional cases the court has declared the failure to stop to be negligence as a matter of law. (*Railroad Co. v. Willey,* 60 Kan. 819, 58 Pac. 472; *Palmer v. Railway Co.,* 61 Kan. 860, *post,* p. 57, 60 Pac. 736; *Railway Co. v. Jenkins,* 74 Kan. 487, 79 Kan. 17, 87 Pac. 702, 98 Pac. 208.) Even if it should be held that the findings show that the driver was negligent as a matter of law, a judgment for the defendant would not necessarily result; no personal negligence on the part of the plaintiff is found, and she is not responsible for the manner in which her husband handled the car. (*Williams v. Withington,* 88 Kan. 809, 129 Pac. 1148.)

We conclude that the findings did not require a judgment for the defendant. It filed a motion for a new trial, which was not passed upon because judgment was rendered in its favor, but which it is entitled to have allowed for reasons already stated. The plaintiff filed no motion for a new trial, but has argued questions regarding the rulings made against her; these have been passed upon because they will necessarily arise again in the further proceedings. Moreover in the unusual situation presented, one of the special findings having been set aside, it seems proper that a new trial should be ordered by this court. The finding of the jury that the bell was rung as the engine approached the crossing covers a distinct issue and is not affected by any ruling held to be erroneous. It should therefore stand as an established fact of the case. (Civ. Code, § 307; *McCullough v. Hayde,* 82 Kan. 734, 738, 109 Pac. 176.)

The plaintiff complains of an instruction regarding the weight of testimony with reference to this matter, but as it stated a proposition of law which has been approved, and was applicable to a part of the evidence, and as no amplification was asked, we do not think it can be regarded as a ground for setting aside the finding.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.