Margaret McDonnell, Defendant in Error, v. W. Irving Osborne et al., Receivers, Plaintiffs in Error.

Gen. No. 19,440.　(Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed with finding of fact. Opinion filed February 24, 1915.

## Statement of the Case.

Action by Margaret McDonnell against W. Irving Osborne, George G. Moore and D. B. Hanna, receivers of the Chicago & Milwaukee Electric Railway Company, to recover damages for personal injuries sustained on being struck by a train while crossing defendant's tracks with the intention of becoming a passenger upon the train inflicting the injury. From a judgment in favor of plaintiff for seventeen hundred dollars, defendant brings error.

BULL & JOHNSON, for plaintiffs in error.

McCASKILL & McCASKILL, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. RELEASE, § 26*—*when error to submit validity of release to jury.* Where a person employed as a maid in the household of an attorney was injured by one of defendant's trains, was offered a certain amount in full settlement of all claims, which was fully explained to her by her employer, who advised her to accept the settlement, and she thereupon accepted such sum and signed a release, after same had been read to her by her employer, in the absence of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

any representative of defendant, nothing having been said or done which could possibly have been construed into a trick or device to deceive, and the evidence being clear that she understood what she was signing, it was *held* error to submit the validity of the release to the jury.

2. CARRIERS, § 422*—*when intending passenger guilty of contributory negligence.* Where a person intending to become a passenger upon an interurban train was struck by the train while attempting to cross the tracks in front of it, and her own evidence disclosed that she knew of the approach of the train and signaled it before she reached an intervening track which she was obliged to cross, and continued to look at it up to the time she was struck, having misjudged its distance and speed, it was *held* that contributory negligence was shown as a matter of law.