No. 20,122.

W. A. WEHE, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

AUTOMOBILE—*Crossing Railroad Track—Duty of Driver*. The driver of an automobile can not recover damages for injury to himself and his machine, where he approaches a railway track at a place at which he can not see along the track until his automobile is in a place where it will be struck by a passing engine or cars, and does not stop his car to ascertain whether or not there is danger, although he listens before going into the place of danger and does not hear any engine or cars coming.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed April 8, 1916. Reversed.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellant.

*Z. T. Hazen,* and *R. H. Gaw,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment for injury to himself and to his automobile, caused by a collision with one of the defendant's cars. The defendant appeals.

The yard of the Uncle Sam Oil Company fronts on the east side of Adams street in Topeka, on which street is a switch track of the defendant and a track of the Missouri Pacific Railway Company. The oil company's buildings and yard are about eight feet from the defendant's track. Because of a stone wall and buildings, it is impossible to see from the inside of the yard north or south along the defendant's track. Such a view can not be had until one is standing in the street in front of the building and within eight feet of the track. The plaintiff had gone to the yard for gasoline over a dozen times.

Just prior to the accident he had his tank filled with gasoline and started to drive slowly out of the yard, across the defendant's track. As he approached the gate, going west, he looked but could not see either north or south because of the buildings. He listened and did not hear any engine or cars. From the front end of his automobile to where he sat the distance was about eight feet. He could not see along the track until the front end of his automobile was where a passing car would strike it. He did not stop nor get out of his automobile to ascertain whether or not there was danger. Mr. Allen, one of the Uncle Sam Oil Company's employees, went outside the building to see if there was danger, at the same time the plaintiff started to go out with his automobile. When Mr. Allen got outside he saw a Santa Fe switch engine pushing two freight cars from the south. He immediately called to the plaintiff to "Look out!" and signaled to the trainmen to stop. At the same time the plaintiff's car came through the doorway approaching the defendant's track. A brakeman on the car immediately signaled the engineer, who at once applied the emergency brake, and the cars were stopped after running from ten to twenty feet. The plaintiff heard Allen's call and set the brakes as he approached the gate, but did not understand what the call was for and went ahead. Then through the crack between the gate post and the building to his left he saw the cars coming, and stopped the automobile. It was caught by the stirrup of the first car, dragged about ten feet, and damaged. The plaintiff was bruised. The engine and cars were coming down grade without steam pressure, moving about four miles an hour. The engine bell was not ringing. No whistle had been sounded.

The only question in the case is, Was the plaintiff, as a matter of law, required to get out of his automobile and ascertain whether or not an engine or cars were coming?

In *Jacobs v. Railway Co.*, ante, p. 247, 154 Pac. 1023, this court said:

"It has been held that it is the positive duty of the driver of an automobile to stop, look and listen before crossing railroad tracks. . . . On the other hand, it has been held that the driver of an automobile is not under all circumstances as a matter of law required to stop before crossing a railroad track. . . . This state follows the rule last stated." (p. 251.)

In *Railroad Co. v. Brock,* 64 Kan. 90, 67 Pac. 538, in the opinion written by Chief Justice Doster, this court said:

"The cases are rare indeed in which the question of the obligation of a traveler about to undertake the crossing of a railroad-track to stop in order the better to employ his senses of sight and hearing should not be submitted to the jury. There may be cases, possibly, in which none of the evidence tends to show that it would have been the part of wise caution to stop, and there are occasionally cases in which the evidence proves without doubt that the traveler should have stopped. In the latter class the obligation to stop must be declared as a matter of law by the court. (*Railroad Co. v. Willey,* 60 Kan. 819, 58 Pac. 472.) In all other cases we think the question of the plaintiff's justification in omitting the precaution should be submitted to the jury." (p. 92.)

A part of the opinion in *Denton v. Railway Co.,* 90 Kan. 51, 133 Pac. 558, is:

"Findings were made to the effect that the position of one of the freight cars obscured the view of the track so that the front of the automobile was on the track before the driver was able to see the engine. In somewhat similar situations it has been held that the question whether the exercise of due diligence required the traveler to stop, as well as to look and listen, is a question for the jury. . . . In exceptional cases the court has declared the failure to stop to be negligence as a matter of law." (p. 55.)

In *C. K. & W. Rld. Co. v. Fisher,* 49 Kan. 460, 30 Pac. 462, in the opinion by Valentine, J., this court said:

"We think the judgment of the court below must be reversed. In our opinion, it is the duty of any person intending to cross a railroad track where he knows that trains frequently pass, and where he knows that one is likely to pass at any moment, to look as well as to listen, and if dust should temporarily obscure his view, to wait until the dust shall pass away before he attempts to cross." (p. 485.)

This was quoted in *Butts v. Railway Co.,* 94 Kan. 328, 331, 146 Pac. 1142. The syllabus to *Railroad Co. v. Willey,* 60 Kan. 819, 58 Pac. 472, reads:

"When a traveler on a country highway comes to a railway-crossing with which he is familiar, knowing that a train is about due at that point and liable to pass at any time, it becomes his duty as an act of ordinary prudence to look and listen for its approach; and if the sense of sight be unavailing because of obstructions to the view, and the sense of hearing unavailing because of preventing noises, it becomes his duty, as a further act of ordinary prudence, to stop in order better to enable him to look and listen before entering upon the crossing; and in such case, if by stopping he can see or hear the approaching train, but fails to do so, his negligence in such respect should be declared as a matter of law, and not left to the determination of the jury as a question of fact."

This was followed in *Railroad Co. v. Mercer,* 61 Kan. 736, 60 Pac. 735; *Adams v. Railway Co.,* 93 Kan. 475, 144 Pac. 999; *Railway Co. v. Moore,* 10 Kan. App. 510, 63 Pac. 458. In *Railway Co. v. Jenkins,* 74 Kan. 487, 87 Pac. 702, it was held that a traveler upon a highway should have stopped to look before driving his team upon a railway crossing. The syllabus in that case when it was a second time before this court (79 Kan. 17, 98 Pac. 208) reads:

"The rule applied that if one about to cross a railroad track voluntarily creates such conditions that he can not by looking without stopping see an approaching train in time to prevent a collision he assumes the additional duty to stop and look, if by so doing he can protect himself."

"A traveler whose deafness prevented him from hearing the warning signals of an approaching train at a dangerous crossing with which he was familiar, drove upon the track and was struck by the train and injured. His failure to stop and look from a position where he could have seen the train in time to avoid the injury is contributory negligence which will prevent his recovery in an action against the railway company." (*Butts v. Railway Co.,* 94 Kan. 328, syl., 146 Pac. 1142.)

A pedestrian is required to be diligent in looking out for his own safety in crossing a railroad track, but his duty is not very great to avoid running into a passing engine or train because of the danger of injury to those on the engine or train. The driver of a team of horses hitched to a vehicle is under the same duty to look out for his own safety as is the pedestrian. It is his duty to exercise some care for the safety of those riding on a train. The driver of an automobile must exercise care for himself, and because of the character of the machine that he is driving—a heavy steel structure, dangerous to others—he must exercise some degree of care for the safety of those rightfully traveling on a railroad train when he is about to cross the track. His machine is easy of control. It will stand where he leaves it. It will not get frightened. If by his negligence he should derail the train he would be responsible to passengers injured, even though the men in charge of the train were guilty of negligence, if the rule applied to a passenger in an automobile when the driver of the automobile is guilty of negligence is applied to passengers on a train. Under the circumstances surrounding this case, the plaintiff, being unable to see the engine and cars on the track until his machine was in a place of danger, was

as a matter of law required to stop his automobile and see whether there was an engine or cars coming before he drove his automobile on the defendant's track.

The judgment is reversed and judgment is directed for the defendant.

JOHNSTON, C. J., is of opinion that the evidence in the case does not warrant the court in holding as a matter of law that the plaintiff was guilty of contributory negligence and therefore dissents from the order directing judgment for the defendant.