### No. 20,599.

LIZZIE PRITCHARD, as Administratrix, etc., *Appellant*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee*.

#### SYLLABUS BY THE COURT.

RAILROAD—*Automobile—Collision—Death—Contributory Negligence*. A person in an automobile who attempts to cross a railroad track without looking for approaching trains, where there is a place thirty feet from the track from which an approaching train can be plainly seen, or who looks and sees the train coming and attempts to cross in front of it, is guilty of such contributory negligence as prevents any recovery of damages for injuries sustained in a collision with the train.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed January 6, 1917. Affirmed.

*John W. Adams, George W. Adams, George McGill, Charles Hudson,* and *Clyde Hudson,* all of Wichita, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott,* and *Harlow Hurley,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment sustaining a demurrer to her evidence introduced on the trial of an action to recover damages for the death of James A. Pritchard, and for the destruction of his automobile.

The evidence tended to show the following facts: James A. Pritchard was killed while attempting to cross the defendant's railroad in an automobile. The accident occurred where the railroad crossed a public highway about a mile north of Wichita. From a point a mile south of the crossing the public road ran on the west side of the railroad, parallel and adjacent to the right of way; thence the road turned east at right angles and crossed the railroad; and thence ran north on the east side of the right of way of the railroad. The railroad ran straight north from a point about a mile south of the crossing to a point variously located at from a quarter of a mile to a mile north of the crossing, where the railroad curved to go to Valley Center. This was a level stretch of railroad, and for this entire distance the railroad was graded up and ballasted with white rock and was from three to six feet above the level of the ground. At the crossing the railroad grade was six feet high. Along the fence near the crossing, on the west side of the railroad, weeds, brush, and some cottonwood trees were growing. At the time of the accident, any person traveling north on the road had for a mile south of the crossing a plain view of the railroad track to the curve north of the crossing; however, when he reached a point about five hundred feet south of the crossing his view of the railroad was obstructed by the weeds, brush, and trees, so that he could not see a train approaching from the north until after he turned east at the crossing and passed the weeds, brush and trees, where, from a place about thirty feet west of the railroad track to the top of the grade on which the track was laid, he had a clear, unobstructed view of the railroad north to the curve. James A. Pritchard, in an automobile, drove north on this public road, and while attempting to cross the railroad track was struck by the defendant's passenger train and was instantly killed, and his automobile was destroyed. This crossing was within the defendant's Wichita yard limits, and was on a much traveled public road—the main road out of Wichita north to Valley Center and Newton. The train was running at a rate of speed estimated at from fifty to sixty miles an hour. The engine bell was not ringing and the whistle was not sounded until the train was about a hundred yards north of the crossing.

The incontestable conclusions of fact to be drawn from the facts established by the evidence are that Pritchard, had he looked when he was thirty feet from the track or anywhere from that point until he reached the place where he was struck, could have seen the approaching train; that there was nothing to prevent his seeing the train; and that if he looked, he saw the train coming and attempted to cross the track in front of it. The facts show contributory negligence on the part of James A. Pritchard and prevent any recovery. (*Jacobs v. Railway Co.*, 97 Kan. 247, 154 Pac. 1023; *Wehe v. Railway Co.*, 97 Kan. 794, 156 Pac. 742.)

The demurrer to the evidence was properly sustained and the judgment is affirmed.