No. 21,893.

FRED GRISHAM, *Appellant*, v. THE UNION TRACTION COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Pedestrian Crossing Railroad Track—Injuries—Contributory Negligence.* A woman who is killed while attempting to cross an electric interurban-railroad track, in front of a rapidly approaching car, which she sees, or can see if she looks, and which she intends to board as a passenger, is guilty of contributory negligence as a matter of law, and her husband cannot recover the damages sustained by him on account of her death.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed May 10, 1919. Affirmed.

*E. L. Burton,* of Parsons, *Charles Stephens, Paul MacCaskill,* both of Columbus, and *Ben M. Neale,* of Greenfield, Mo., for the appellant.

*Chester Stevens,* of Independence, and *John J. Jones,* of Chanute, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Nora Grisham, the plaintiff's wife, was killed by one of the defendant's cars. The plaintiff brought this action to recover damages for her death. The court sustained a demurrer to the evidence of the plaintiff, and he appeals. The sufficiency of the evidence to compel its submission to the jury is the question presented.

There was evidence which tended to prove the following facts: The defendant operated an electric interurban railroad in Montgomery county. Mrs. Grisham was killed at a regular stop known as stop fourteen, where a public road crossed the railroad. There the railroad extended northwest and southeast, and the public road extended north and south across the railroad. To board a car, passengers intending to travel to the southeast would go to the south side of the track, and those intending to travel to the northwest would go to the north side. West of the public road and north of the railroad, there was a pile of dirt, which for some distance near the track prevented a person, when walking in the public road, from seeing a car approaching from the northwest, but from 50 to 200 feet north of the railroad such person could see an approaching car for a distance of from 600 feet to about one-half mile. Closer to the track, on account of the pile of dirt, the car could not be seen by the person walking, until he was about five feet from the track. When cars stopped, they usually extended clear across the public road. Mrs. Grisham was familiar with the crossing. The car that struck her was one that had just been repaired. It was not carrying passengers, but was on a trial trip in charge of two employees who were not thoroughly acquainted with the operation of cars on the railroad. The car came from the northwest, at about thirty miles an hour, on approximately the time of a regular passenger car coming from the same direction. Mrs. Grisham started from her home, about a half mile away, to take the regular passenger car; and when about 200 feet from the crossing, she commenced to run toward it. She could then see the car. On regular passenger cars, the custom of the defendant was to sound two blasts of the whistle at stations at which the car would stop to take on waiting passengers, and to sound two long and two short blasts of the whistle when it would not stop. A young man was waiting at stop fourteen to take the passenger car to the southeast. When the repaired car approached that stop, two blasts of the whistle were sounded, and when still closer, two more blasts were sounded. About 100 yards northwest of the crossing the motorman turned off the power and let the car coast, but he did not apply the brakes until the car struck Mrs. Grisham. The

motorman saw her all the time, and she could see the car all the time except when it was concealed by the pile of dirt. The motorman thought that she was running to catch his car. Mrs. Grisham attempted to run across the track in front of the car, but was struck by it and instantly killed. There was a dispute in the evidence between the motorman and the young man that was waiting. The motorman testified that when Mrs. Grisham was near the track she stopped and hesitated for an instant; the young man testified that she never stopped, but kept on running.

There was sufficient evidence to warrant submitting to the jury the question of the defendant's negligence. The real point in controversy is the contributory negligence of Mrs. Grisham.

The plaintiff contends that this is not a crossing case; that Nora Grisham was not a traveler on the highway trying to beat the car, but that she was an intending passenger going to the proper place to board the defendant's car; that she saw the car coming, heard the usual signal of the car indicating that it would stop, saw another intending passenger at the station, and was hurrying to the station to board the car; and that, therefore, the stop-look-and-listen rule has no application in this case. These contentions are the foundation of the plaintiff's argument, but in a number of them he is mistaken. It is a crossing case. Nora Grisham was a traveler on the highway, and was trying to beat the car to the station; and although she was an intending passenger, her intention did not absolve her from the consequences of her own negligence.

This is not a street-car case, and the rules applicable to the contributory negligence of a person crossing in front of a street car do not control. The defendant's line of railroad extended from some point in Oklahoma, through Montgomery county, into Labette county. Nora Grisham was killed in the country at a crossing of a public highway and a railroad. The rules that control in this action are those that apply to injuries at country crossings of highways and steam railroads. (*Snow v. Indianapolis, etc., R. Co.,* 47 Ind. App. 189, 195; *Electric St. Railroad Co. v. Lohe, Admr.,* 68 Ohio St. 101; Note, 4 Ann. Cas. 451; Note, Ann. Cas. 1913C., 583; 22 R. C. L. 745.)

These rules have been followed by this court in *Burzio v. Railway Co.,* 102 Kan. 287, 171 Pac. 351; *Schaefer v. Railway Co.,* ante, p. 394, 179 Pac. 323, and in cases involving crossing an electric interurban railroad on the streets of a city. (*Williams v. Electric Railroad Co.,* 102 Kan. 268, 170 Pac. 397.)

In *Kirkland v. Railway Co.,* ante, p. 388, 179 Pac. 362, this language was used:

"This court has often said that a person about to cross a railroad track must use his senses, and if he does not, and by reason thereof injury results to him from a moving train, he cannot recover from the company, even if the company was negligent." (p. 393.)

In the last case, the person killed was attempting to cross a steam-railroad track on a street in Ottawa.

This court has often said that a person who is injured while attempting to cross a railroad track in front of an approaching train, which he sees, or can see if he looks, is guilty of contributory negligence, and cannot recover for that injury. (*Jacobs v. Railway Co.,* 97 Kan. 247, 154 Pac. 1023; *Wehe v. Railway Co.,* 97 Kan. 794, 156 Pac. 742; *Pritchard v. Railway Co.,* 99 Kan. 600, 162 Pac. 315; *Bunton v. Railway Co.,* 100 Kan. 165, 163 Pac. 801.)

In 10 Corpus Juris, page 1111, this language is found:

"Reasonable care is required of a passenger in going on or crossing a railroad track for the purpose of reaching or leaving his train, and if he fails to exercise such care, whereby he is injured, he is guilty of contributory negligence."

Numerous cases from twenty-four states are there cited to support that rule. Those cases have not been examined, but in *McDonnell v. Osborne,* 191 Ill. App. 450, the appellate court of Illinois said:

"Where a person intending to become a passenger upon an interurban train was struck by the train while attempting to cross the tracks in front of it, and her own evidence disclosed that she knew of the approach of the train and signaled it before she reached an intervening track which she was obliged to cross, and continued to look at it up to the time she was struck, having misjudged its distance and speed, it was *held* that contributory negligence was shown as a matter of law."

That rule was followed in *Deering's Adm'r v. Virginia Ry. & Power Co.,* 95 S. E. (Va.) 405.

Mrs. Grisham saw the car, or she could have seen it if she had looked, while she was running to catch it. The plaintiff

says that she saw the car and heard the whistle, and was hurrying to the station to board the car. Mrs. Grisham was negligent. If she had not been negligent, she would not have been injured. Her negligence precludes the plaintiff's recovery.

The demurrer to the evidence was properly sustained, and the judgment is affirmed.