**F. P. RUHL et al., Respondents,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Appellant.**

**No. 45707.**

Supreme Court of Missouri,
Division No. 2.

July 8, 1957.

BARRETT, Commissioner.

On June 6, 1952, Mrs. Margaret Ruhl and her neighbor, Mrs. Younkman, were killed when a Missouri Pacific train struck a 1950 two-door Plymouth sedan on an ascending crossing near Hiawatha, Kansas. In this action against the railroad in Missouri Mrs. Ruhl's husband has recovered a judgment of $1,000 for the destruction of his automobile and a judgment of $10,000 for the death of his wife. Upon this appeal the railroad concedes that there was evidence of its negligence in failing to signal and in permitting the growth of obscuring weeds and sunflowers, five to six feet in height, along the railroad right of way. In its brief the appellant says, "There was testimony that her view of the train (but not of the crossing) was obscured by high weeds." The appellant's sole contention is that the trial court erred in overruling its motion to set aside the verdict and judgment in accordance with its motions for a directed verdict for the reason that "the competent evidence proves conclusively," under the law of Kansas, that Mrs. Ruhl was guilty of contributory negligence as a matter of law and therefore there can be no recovery for her negligent death.

■ The Ruhl farm was adjacent to the railroad right of way and Mrs. Ruhl had been to town to deliver milk. She was on her way home, traveling north, upgrade, on a graveled township road. The passenger train came from the west at an admitted speed of sixty miles an hour. As indicated, the plaintiffs' witnesses testified that on June 6, 1952, a motorist's view to the left or west was obscured by horseweeds, ragweeds and sunflowers. Despite its admission of an evidentiary basis for the finding of negligence, it is urged that Mrs. Ruhl could have seen the approaching train if she had looked and was therefore guilty of contributory negligence. In this connection it is claimed that the oral evidence with respect to weeds obscuring the vision of a motorist is "so completely contrary to the physical facts as disclosed by

Harold L. Harvey, St. Louis, Hilary A. Bush, Fred A. Murdock, Wm. A. Cameron, Johnson, Lucas, Bush & Gibson, Kansas City, for appellant.

Arthur C. Popham, Sam Mandell, Kansas City, Haysler A. Poague, Clinton, Richard W. Shaw, Hiawatha, Kan., A. Harry Crane, Topeka, Kan., for respondents, Popham, Thompson, Popham, Mandell & Trusty, Kansas City, of counsel.

the exhibits, as to be unworthy of belief." No one who saw the collision testified. The only witness on behalf of the railroad was a civil engineer who prepared a "line drawing" of the crossing and the track to the west showing sight distance at various points. During the cross-examination of the plaintiffs' witnesses, however, the railroad introduced in evidence several photographs of the crossing, four of which were taken on June 6, 1952, and four of which were taken on September 2, 1952. The appellant claims that these exhibits clearly show the physical facts and establish that the oral evidence is so contrary to the physical facts as to be without probative force. The photographs taken on September 2, admittedly, were not of the same weeds on the right of way on June 6. As to some of the exhibits, the witnesses said that they were "rather deceptive," that the weeds "were higher" than those shown on the photographs. As to the earlier photographs the witnesses said, "No, it doesn't look like it did that day because it don't show high weeds like the weeds that was there." And on exhibit seven only the top third of the locomotive coming from the west is visible. In these circumstances what may be seen from a certain place is not "admitted or undisputed" (Lohmann v. Wabash Railroad Co., 364 Mo. 910, 269 S.W.2d 885, 891; State ex rel. Kansas City So. Ry. Co. v. Shain, 340 Mo. 1195, 105 S.W.2d 915) and does not conclusively or indisputably establish the physical facts. Zumault v. Wabash R. Co., Mo., 302 S.W. 2d 861. In Schaefer v. Arkansas Valley Interurban Ry. Co., 104 Kan. 394, 179 P. 323, 325, the Kansas court said, "These photographs tend strongly to prove, that if the deceased had been looking out for her own safety she could not have failed to see the approaching trolley car; and they tend strongly to prove that the evidence for plaintiff was not true. But there is no rule which permits appellate courts to disturb a jury's findings because highly convincing photographic evidence may seem to overbalance the parol or other evidence to the contrary."

In any event Mrs. Ruhl was familiar with the crossing, "a bad crossing," and, despite the weeds and sunflowers, as she approached it could see the railroad crossarm a quarter of a mile away. In view of these circumstances the appellant invokes and seeks to apply what is said to be the Kansas rule under which it was Mrs. Ruhl's duty "to assure herself positively and completely that she could cross with safety before driving onto the crossing." Wehe v. Atchison, T. & S. F. Ry. Co., 97 Kan. 794, 156 P. 742, L.R.A.1916 E, 455; Brim v. Atchison, T. & S. F. Ry. Co., 136 Kan. 159, 12 P.2d 715; Horton v. Atchison, T. & S. F. Ry. Co., 161 Kan. 403, 168 P.2d 928; Long v. Thompson, 353 Mo. 531, 183 S.W.2d 96. It is urged that "the very fact that a collision occurred is positive proof that she did not discharge this duty." Even though she could not see the train her contributory negligence is said to be shown by two facts; one, that she knew she was about to drive upon a railroad crossing and, second, that she drove upon the crossing at a time when she could not cross in safety. It should be noted in passing that in the Wehe case the plaintiff driver did not stop before entering upon the crossing. And in the Brim case there was evidence as to what the deceased did before entering upon the crossing, the fireman testified that he (the deceased) "looked straight ahead as he approached the crossing and paid no heed to the train. [136 Kan. 159, 12 P.2d 717.]" But that is not the situation in this case, no one who saw the collision between the train and the automobile testified, Mrs. Ruhl and Mrs. Younkman are dead, consequently there is no evidence as to what they did and, whatever the rule may be elsewhere (annotation 84 A.L.R. 1221), it is presumed in Kansas, in the absence of evidence, that the deceased driver and occupant looked and listened for an approaching train before venturing upon the crossing. Chicago, R. I. & P. Ry. Co. v. Hinds, 56 Kan. 758, 44 P. 993. In Kansas City-Leavenworth R. Co. v. Gallagher, 68 Kan. 424, 75 P. 469, 470, 64 L.R.A. 344, the court, in discussing

an argument almost identical with the one made here, said, "But a jury may infer ordinary care and diligence on the part of an injured person from the love of life, the instinct of self-preservation, and the known disposition of men to avoid injury. * * * And in the absence of evidence to the contrary, it will be presumed that a person about to cross a railroad track both looked and listened before venturing to do so."

Whatever Mrs. Ruhl's or the plaintiffs' duty may have been, the burden of proof was upon the appellant railroad to show that Mrs. Ruhl was guilty of contributory negligence (St. Louis & S. F. Ry. Co. v. Weaver, 35 Kan. 412, 11 P. 408), and in the circumstances of this case the fact may not be declared as a matter of law. Instead of falling within the Wehe, Brim, Horton or Christie (Christie v. Atchison, T. & S. F. Ry. Co., 154 Kan. 713, 121 P.2d 208) cases this case falls within the Hinds, Gallagher and Schaefer cases. Accordingly the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.